Mailhouse *vs.* Inloes, *et al.*

</div>

(Decided June 4th, 1862.)

---

## SOLOMON J. MAILHOUSE, *vs.* JOSEPH S. INLOES, and others.

A plaintiff in the courts in Baltimore city, may, under the Act of 1858, ch 323, obtain judgment by default on an open account, verified by affidavit, as required by that Act, at the term, or on the rule-day to which the defendant was summoned and failed to appear, but the court cannot, *at the same term*, extend such judgment by assessment of damages and costs.

The plaintiff, in such a case, is entitled to a final judgment only in case the defendant fails to appear before the first day of the term, or rule-day next thereafter, and then the judgment can go only for the *amount* of the *account*

thus authenticated: the court has no power to allow *interest* on the account, which must be ascertained by a jury, on a *writ of inquiry.*

Though the judgment will be stricken out because improperly and prematurely extended, and because *interest* was allowed by the court, yet, the judgment by default, for the defendant's failure to appear, will not be disturbed.

A judgment by default, regularly entered, is as binding as any other, as far as respects the power and jurisdiction of the court, in declaring the plaintiff's right to recover, though the amount of the recovery, in some cases, remains to be ascertained by a jury.

APPEAL from the Superior Court of Baltimore City.

Appeal from an order, overruling motion of appellant to strike out a judgment, by default, entered against him at suit of the appellees. The facts are stated in the opinion of this court. The reasons for the motion, in substance, are:—

1st. That the cause of action being an open account for goods sold and delivered, there was no power to extend the judgment as the court did, but the plaintiffs were required to have a writ of inquiry, and their claim and damages assessed by an inquisition.

2nd. That for the same cause of action the plaintiffs sued defendant, August 28th, 1858, and he applied for the benefit of the insolvent laws, September 4th, 1858, and obtained his final discharge, January 3rd, 1859; that he employed counsel in the first suit, which was discontinued and entered off, September 5th, 1858, and, as he now for the first time learns, this suit was brought October 6th, 1858, as he believes for the purpose of taking undue advantage of, and deceiving and defrauding him; that he thought the summons related to the original suit and therefore paid no attention to it, and thus an absolute judgment was rendered against him by default, without his knowledge or opportunity of defence, that he has made no new promise since his application, as the plaintiffs well knew, and therefore, are entitled only to a judgment subject to his discharge.

The plaintiffs answered this motion at length, denying all manner of fraud in the institution and prosecution of the suit

and in obtaining the judgment, and insisting that the court had full power, under the Act of 1858, ch. 323, to enter the same as it did. The motion was overruled by the court, (LEE, J.,) and the defendant appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*B. F. Horwitz*, for the appellant.

1st. The court had no jurisdiction to enter this judgment under the Act of 1858, ch. 323. Secs. 7, 8 and 9, of that Act, refer exclusively to cases where an *appearance* has been entered, and therefore do not apply to this case. It can only come within sec. 6, which expressly provides for a *writ of inquiry*. This Act being in derogation of the course of the common law, must be construed strictly;—it must appear affirmatively upon the face of the statute, that the court had the power to enter such a judgment. *Sedgwick on Stat. Law,* 318. 9 *Law Lib.,* 43. 8 *Md. Rep.,* 25, *Warner vs. Fowler.* 13 *Pick.,* 284, *Wilbur vs. Crane.*

2nd. The judgment was irregularly entered. The court had no power to enter a final judgment in the way in which, and at the time when, this judgment was entered, and it is, therefore, absolutely void. There should have been a writ of inquiry to ascertain the damages. *Act of* 1794, *ch.* 46, *sec.* 2. *Ev. Pr.,* 335 to 337. 4 *H. & J.,* 312, *Patrick vs. Ridgaway.* 5 *H. & J.,* 1, *Wilmer vs. Harris.* The writ was issued November 1858, and returnable in 1859, and yet the judgment is rendered in 1858. Again, a suit was instituted on the same cause of action, which was entered off. The judgment also includes *interest*, which was not warranted by the affidavit, and which the court had no power to allow, because interest is but damages, and the jury may or may not give it, as they please. 7 *H. & J.,* 213, *Barger vs. Collins.*

3rd. The judgment was obtained through fraud, deceit and irregularity, on the part of the plaintiffs, and was a surprise on

the defendant, and ought to be set aside for those reasons. *Act of* 1787, *ch.* 9, *sec.* 6. 9 *Gill,* 146, *Hall vs. Sewell.*

*P. M' Laughlin,* for the appellee.

If the court had power to extend the judgment, the defendant has no cause of complaint. That it had such power is very clear. The court would have had the power to make a rule to the effect, that judgments should be entered upon open accounts, where the amount is fixed and ascertained, as well as in cases of notes and bonds. But the question is not open under the Act of 1858, ch. 323. None of the reasons alleged for opening this judgment, are tenable, and there is nothing disclosed in the record which would have justified the court in disturbing it. The defendant must show, that his title to relief is unmixed with any gross misconduct or negligence of himself or his agents. 12 *Md. Rep.,* 415, *Keighler, et al., vs. Savage Manf. Co.* 6 *G. & J.,* 309, *Gott vs. Carr.*

GOLDSBOROUGH, J., delivered the opinion of this court.

It appears from the record in this case, that the appellees instituted an action in the Superior court of Baltimore city, against the appellant, on the 6th day of October 1858, on an account for goods sold and delivered, and at the time of filing their declaration, also filed the account of said goods, with an affidavit, in accordance with the 9th section of the Act of 1858, ch. 323.

The summons for the appellant, after two *non ests.,* was returned, summoned to the 2nd Monday of December 1858, one of the rule-days of the court.

The appellant neglected to appear, and at the instance of the appellees, and in pursuance of the 6th section of the above Act, a judgment by default was entered, and the court, *at the same time,* and *as part of the judgment by default,* assessed the damages and affixed the plaintiffs costs.

The following order subsequently appears in the record:—

Mailhouse *vs.* Inloes, *et al.*

"*Inloes vs. Mailhouse,—Superior Court.* MR. SANGSTON: Enter judgment for twelve hundred and forty-four dollars and thirty-three cents, ($1244.33,) in the above case, with interest from the 20th of April 1858 with costs. Z. COLLINS LEE." Endorsed, "Filed 21st of February 1859." On the 16th day of June 1859, the appellees sued out a writ of *fieri facias* on this judgment, and while the writ was in the hands of the sheriff, the appellant moved "to strike out the judgment by default, for fraud, deceit, surprize and irregularity in obtaining the same," and assigned the reasons mentioned in the record.

On the 15th day of July 1859, upon the hearing of this motion, the court overruled it, and this appeal was taken.

We cannot sanction the ruling of the Superior court. The proceedings are irregular in two important particulars. While it was the undoubted right of the appellees under the 6th section of the Act of 1858, ch. 323, to obtain a judgment by default, at the term or on the rule-day to which the appellant was returned summoned and failed to appear, yet, as this judgment was extended at the same term by the assessment of damages and costs, such assessment was in derogation of the rights of the appellant.

The 6th section provides, that the judgment by default shall be stricken out on the application of the defendant being entered to the action, at any time before the first day of the term, or rule-day next thereafter.

It is only on the defendant's failure to appear within the time limited, that the plaintiff is entitled to a final judgment. If, however, the final judgment was entered at the term or rule-day subsequent to the entry of judgment by default, to be inferred from the entry on the back of the order—"filed 21st of February 1859"—yet the court erred in allowing the appellees *interest on their account*. We entertain no doubt, that, under the provisions of the Act of 1858, the court had power to enter a final judgment at the proper term or rule-day, for the amount of the appellees' claim "for goods sold and delivered," where the account is authenticated and verified

Mailhouse *vs.* Inloes, *et al.*

by the affidavit of the plaintiffs, as prescribed in the 9th section of said Act. But the judgment must be restricted to the amount of the account thus authenticated, and the court had no power, of its own mere motion, to allow interest on the account. The interest was a subject of inquiry by a jury, as provided for by the 6th section of the Act.

Some of the reasons assigned by the appellant for striking out the judgment, though they might have constituted a legal defence, if he had appeared to the suit, according to the exigency of the writ, and defended the cause, yet failing to do so, he must take the consequences of his own neglect.

It is manifest from the title of the Act of 1858, ch. 323, that it was intended to afford to a plaintiff the advantage of a summary proceeding, and while this advantage in thus extended, the Act protects the defendant by requiring the plaintiff, seeking its aid, to file his claim with his declaration, thus informing the defendant of the cause of action, and affording him an opportunity for a legal defence.

In the case of *Green vs. Hamilton,* 16 *Md. Rep.,* 329, this court say, "a judgment by default if regularly entered, is as binding as any other, as far as respects the power and jurisdiction of the court in declaring that the plaintiff is entitled to recover, though the amount of the recovery, in some cases, remains to be ascertained by the jury."

While we must reverse the order of the court, because the judgment by default was improperly and prematurely extended, and because the interest was allowed *by the court* in the final judgment, we do not intend to disturb the judgment by default entered against the appellant for his failure to appear in obedience to the summons, the extension of that judgment in no manner affecting its validity. The cause will be remanded, that the appellee may proceed, by writ of inquiry, to have his damages assessed by the jury.

<div align="right">

*Judgment reversed, and*
*procedendo awarded.*

</div>

(Decided June 4th, 1862.)