(Decided 9th March, 1870.)

THE KNICKERBOCKER LIFE INSURANCE COMPANY OF NEW YORK *vs.* THERESA HOESKE.

*Practice under the Act of* 1864, *ch.* 6 — *Defective Affidavit to Pleas by a Corporation—Assessment of Damages by the Jury—Pleas of a Corporation, how Verified.*

The amount claimed in an action on a policy of insurance, is a liquidated sum, within the provisions of the Act of 1864, ch. 6, and may be verified by affidavit.

With the declaration in an action on a policy of insurance, there was filed an account of the defendant's indebtedness, verified by an affidavit in accordance with the eighth section of the Act of 1864, ch. 6, and the policy was filed therewith as a voucher, and referred to in the account; a summons was issued on the 9th of December, 1868, and made returnable on the second Monday of the same month, being the first return day

thereafter, and was duly served. The defendant appeared by attorney on the return day, and was put under rule plea by the second Monday, being the 11th day of January, 1869, and the first day of the ensuing term of the Court. On the 7th of January, 1869, the defendant filed its pleas to the merits, with what purported to be its affidavit appended thereto; a rule replication was laid on the plaintiff, and a joinder of issue upon the pleas was entered by the clerk. On the second Monday of January, 1869, the plaintiff's attorney gave an order to the clerk to strike out the joinder of issue, which was done, and he filed a motion in writing, asking the Court to enter judgment against the defendant, notwithstanding the pleas, for the reason that the affidavit thereto was insufficient under the seventh section of the Act of 1864, ch. 6    The defendant afterwards asked leave to file an additional or supplemental plea and affidavit. Judgment by default was entered against the defendant, for want of a sufficient affidavit to its pleas. The plaintiff then moved the Court to assess the damages and extend the judgment, whereupon the defendant moved for a trial by jury of the question of the amount of damages to be assessed. The defendant's motion being overruled, the Court assessed the damages, and extended the judgment for the amount claimed with interest, &c. The defendant excepted—first, to the refusal of the Court to allow amended pleas and affidavit to be filed; secondly, to the entering of the judgment by default, and thirdly, to the extension of the judgment by the Court, and its refusal to refer the question of damages to a jury. On appeal, HELD :

1st. That leave to the defendant to file additional pleas and affidavit, was properly refused.

2d. That the affidavit filed with the pleas, being altogether defective and insufficient, there was no error in entering the judgment by default.

3d. That the application of the defendant for a trial by jury of the amount of damages to be assessed to the plaintiff, should have been granted.

When a corporation is sued under the Act of 1864, ch. 6, its pleas must be verified by the oath of some natural person, capable of making an affidavit.

APPEAL from the Court of Common Pleas.

This action was brought by the appellee against the appellant to recover the sum of $2,000, claimed to be due to the former upon a policy of insurance, which had been issued to her by the latter, upon the life of her deceased husband, Henry Hoeske. The defendant pleaded, "never was indebted as alleged," "did not undertake and covenant as

alleged," and non-performance of conditions, &c., by the plaintiff's intestate.    To these pleas was appended the following affidavit:

" On this 7th day of January, A. D., 1869, before me, the subscriber, a Justice of the Peace of the State of Maryland, in and for the City of Baltimore, *personally appeared* the above named *defendant,* and made oath in due form of law, that *it is verily believed* that sufficient evidence *will be furnished* at the trial of the said cause to support the same.

"GEORGE F. THOMPSON, J. P."

Other facts in the case, needful to an understanding of the principles decided, will be found in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER ALVEY and ROBINSON, J.

*Sylvester L. Stockbridge* and *Henry Stockbridge,* for the appellant.

The claim sued on in this case is not one designed to be embraced in the provisions of the 6th section of the Act of 1864, chapter 6.    Though the language there used is broad, yet the whole tenor of the Act shows that it was not designed to include claims for damages for breach of contract, nor claims arising out of contracts with conditions precedent, the performance of which by the plaintiff, was an essential prerequisite to his right to recover.

It was meant to cover only clear obligations to pay money, the amount of which was definitely ascertained by the terms of the contract, and not dependent upon the performance of conditions by the plaintiff.    *Act of* 1864, *ch.* 175; *Act of* 1864, *ch.* 6, *sec.* 6.

The Act of 1864, ch. 6, in so far as it is in derogation of natural and common law rights, must be construed strictly in

favor of those against whom it is to operate, in other words, the plaintiff is not entitled to ask a judgment by default, for want of affidavit to the defendant's pleas, unless he has complied strictly with the requirements of the Statute, nor then, if there has been a substantial compliance on the part of the defendant. The purpose of the Act was merely to give prompt justice in case of undisputed claims; it was not designed to deprive defendants of their rights on the most shadowy technicalities. It required defendants to file a plea containing a good defence, and to present a *prima facie* case by an affidavit that the plea was true, and would be sustained by sufficient evidence to support it. All this the defendant did. *Act of 1864, ch. 6, sec. 7; Mailhouse vs. Inloes, et al., 18 Md., 328; Act of 1858, ch. 323.*

The Court erred in refusing to grant the prayer of the defendant for leave to amend its pleas and affidavit, for it was apparent to the Court that the appearance of the defendant had been duly entered in the cause, that pleas containing a good defence had been duly filed therein, with an affidavit annexed to them, that at least there had been an *attempt* on the part of the defendant to comply with the terms of the law, and that the said form of affidavit was a part and parcel of the "*proceedings in the cause,*" which the defendant had the full and clear right under the law to amend. *Code of Public General Laws, Art. 75, sec. 23; Baltimore Fire Ins. Co. vs. McGowan, 16 Md., 53; Garrett vs. Dickerson, 19 Md., 418; Evans' Practice, 150 and 79.*

The Court erred in refusing the prayer of the defendant for a trial by jury of the question of the amount of damages to be assessed to the plaintiff against the defendant, for there was no default by the defendant for want of appearance, or for the not filing its pleas in due time, but on the contrary the defendant was present in Court, and was ready and able to defend its rights in the premises whenever the Court should empanel a jury of inquisition to determine the amount of damages. *Constitution of Md., Art. 15, sec. 6.*

*Albert Ritchie*, for the appellee.

The plaintiff was entitled to a judgment, because the defendant's pleas were not properly verified. There was no affidavit thereto, made either by the defendant or any one in its behalf. The magistrate certified to a simple impossibility. Though he himself cannot impeach his own certificate, yet its statements may be shown to be false by other testimony. *Mathews & Zollickoffer vs. Dare & McClure*, 20 *Md.*, 271; *Central Bank of Frederick vs. Copeland*, 18 *Md.*, 318.

Of the falsity of this certificate there can be no better evidence than appears upon its examination, it being simply impossible for a corporation to put in a personal appearance and make an affidavit.

It being impossible that the defendant could have made the affidavit, the certificate must be taken as false. And it no where appearing that anybody undertook to make it on behalf of the defendant, there is no affidavit that the pleas are true, and they must be regarded as filed without an affidavit. It is impossible for a corporation to personally appear and make affidavit. *Angel and Ames on Corporations, sections* 276, 369, 665; *Planters' and Marine Bank vs. Andrews*, 8 *Porter*, 423; *Trenton Bank vs. Haverstick*, 6 *Halsted*, 171.

The Act of 1864, ch. 6, strikes at all defences not *bona fide*. It requires an oath that the defence is true; and not only that it shall be true, but that it shall not be an idly made defence. It must be both true and made in good faith, with a reasonable probability of its being established. Therefore, the defendant must pledge his belief on oath, that he will be able to produce sufficient evidence to sustain his defence at the trial. If the affidavit fail in giving this assurance, it is defective.

In order thoroughly to discountenance evasive and procrastinating defences, the Act requires some assurance, first, that the pleas are true; second, that there is evidence to sustain them; and third, that it is within the defendant's ability to

produce such evidence. If. the affidavit fail in any one of these points, the plaintiff is entitled to judgment.

Where the terms of an affidavit are prescribed by Statute, they must be strictly followed, and, therefore, the affidavit in this case is insufficient. *Thompson vs. Towson,* 1 *H. & McH.,* 504; *Dyson vs. West,* 1 *H. & J.,* 567; *Didier vs. Kerr,* 12 *G. & J.,* 499; *Denton vs. Griffith,* 17 *Md.,* 301; *Dean vs. Oppenheimer,* 25 *Md.,* 377.

The defendant could not amend its affidavit, as it prayed leave to do on January 30th, after the second return day (January 11th) had passed, and after the plaintiff had moved for judgment.

If the defendant could avoid the judgment after that return day, by amending an insufficient affidavit, he could equally cure the default of having put in no affidavit at all.

The Court had authority to assess the damages and extend the judgment. *Mailhouse vs. Inloes,* 18 *Md.,* 328; *Greff, et al. vs. Fickey, et al.,* 30 *Md.,* .75.

BARTOL, C. J., delivered the opinion of the Court.

The amount claimed in this suit by the appellee, is a liquidated sum, fixed by the contract, upon which the action was brought. The case, therefore, is clearly within the provisions of the Act of 1864, ch. 6. Upon a claim of this nature, there can be no difficulty in stating the account and verifying the same by affidavit. It is not like the case of *Smithson & Owens vs. The Telegraph Co.,* 29 *Md.,* 162, in which it was held the claim was, in its nature, one for unliquidated damages not fixed by the contract, nor did the contract furnish any certain standard by which the amount of the plaintiff's claim could be certainly ascertained. In this case, if the plaintiff has a right of action, the sum she is entitled to recover is fixed or may be ascertained by the terms of the contract.

The contingencies upon which her right of action depends, have no relation to the question of the nature and amount of indebtedness, if any exists; that is fixed and definite, and is, in no sense, in the nature of unliquidated damages.

At the time the suit was brought, there was filed with the declaration an account of the defendant's indebtedness, verified by affidavit, in accordance with the eighth section of the Act of 1864, and the policy of insurance was filed therewith as a voucher, and referred to in the account. The policy, as copied in the record, does not appear to be signed by the president and secretary of the company, as required by the *second* condition therein; but this defect or omission has been cured by the agreement of counsel, filed in this Court, whereby it is admitted that both the original policy and the receipt for premium on its renewal were signed by the president and secretary. It was, therefore, a sufficient voucher of the contract under the Act of 1864.

It appears by the record that the summons was issued on the 9th day of December, 1868, and made returnable on the second Monday of the same month, being the first return day thereafter, and was duly served. The defendant appeared by attorney on the return day, and was put under rule plea by the second Monday, being the 11th day of January, 1869, that being the first day of the ensuing term of the Court.

On the 7th day of January, 1869, the defendant filed three pleas to the merits, with what purported to be an affidavit of the defendant appended thereto, a copy of which was served on the plaintiff's attorney the same day, and a rule replication within fifteen days thereafter, was laid on the plaintiff. Whereupon a joinder of issue upon the pleas was entered by the clerk.

On the second Monday of January, 1869, the plaintiff's attorney gave an order to the clerk to strike out the joinder of issue, which was done, and filed a motion in writing asking the Court to enter judgment against the defendant, notwithstanding the pleas; for the reason that there was no sufficient affidavit to the pleas under the 7th section of the Act of 1864. The defendant then filed a petition asking leave to "file an additional or supplemental plea with an additional or supplemental affidavit."

The cause was heard on the motion of the plaintiff, and on the 27th day of February, 1869, judgment by default was entered against the defendant for want of sufficient affidavit to its pleas.

The Court then proceeded, on the motion of the plaintiff, to extend the judgment, and on the same day entered the judgment "for the sum of $2,000, damages assessed by the Court, with interest from date till paid, and costs of suit."

The defendant's motion for a trial by jury to assess the damages having been overruled, the defendant excepted:

1st. To the refusal of the Court to allow amended pleas and affidavit to be filed.

2d. To the entering of the judgment by default.

3d. To the extension of the judgment by the Court, and its refusal to refer the question of damages to a jury.

1st. As to the motion to file an additional or supplemental plea and affidavit. In our judgment this application is not to be considered as an ordinary motion to amend, and therefore the question whether any appeal lies from the action of the inferior Court, upon a mere motion to amend, does not necessarily arise in this case, was not noticed in the argument, and no opinion is expressed thereon. The application made by the defendant was substantially a petition for leave to plead to the action, as if no pleas had previously been filed. For having put in pleas without any sufficient affidavit, they were in contemplation of the Act of 1864, not any valid or effectual pleas for the purpose of preventing a judgment by default, for the want of plea; and, therefore, the question presented is, whether there was error in refusing to grant leave to the defendant to file a plea with affidavit, at the time when the motion was made? The solution of this question depends upon the construction of the Act of 1864.

By the 7th section it is provided that "the plaintiff shall be entitled to judgment on the first day of the term of the Court in which said action is pending, or at the return day next succeeding the appearance of the defendant, which ever

shall first happen or occur, although the defendant may have pleaded; unless such plea contains a good defence, and unless the defendant, or some one in his behalf, shall make oath or affirmation that the said plea is true, and that he verily believes that he will be able at the trial of the cause to produce sufficient evidence to support the said plea."

Under this section the plaintiff was clearly entitled to claim judgment on the second Monday of January, 1869; the time allowed by law to the defendant to plead had expired before that day; and unless a sufficient plea, verified by affidavit, as required by the Act, had been filed, the judgment would be entered as matter of right, if claimed by the plaintiff. It was then too late for the defendant to plead; or if pleas had been filed, without affidavit, or with a defective or insufficient affidavit, no right existed to file supplemental pleas and affidavit. The proceeding is one not under the general provisions of law regulating suits, but a special proceeding under the Act of 1864, in which a right to plead cannot be claimed after the time limited by the Act for pleading has expired, and the plaintiff has become entitled to a judgment. To allow the defendant to file pleas after that time, would defeat the whole purpose and design of the Act of 1864. Upon this question a majority of the Court are of opinion that the action of the Court of Common Pleas, in refusing leave to file an additional plea and affidavit, ought to be affirmed.

2d. There was no error in entering the judgment by default, upon the case as it stood on the second Monday of January, 1869; the affidavit filed with the pleas being altogether defective and insufficient, it was properly treated as null and void, and the defendant was in the position of having plead without any affidavit. It scarcely requires an argument to prove that what purported to be an affidavit was wholly insufficient.

The affidavit purports to have been made by the defendant, which is a corporation incapable of making an oath; where a corporation is sued under the Act of 1864, its pleas must be

verified by the oath of some natural person capable of making an affidavit. The affidavit, as it appears by the amended record, if it had been made by a competent person, is defective in not containing the necessary averments as required by the Act. For these reasons the judgment by default entered on the 27th day of February, 1869, must be affirmed.

3d. We think the Court below erred in refusing the application of the defendant for "a trial by jury of the question of the amount of damages to be assessed to the plaintiff."

The 9th section of the Act of 1864, provides that "when any judgment by default shall be entered under the preceding sections, the Court may assess the damages on proof thereof without empanelling a jury." This section must be construed in subordination to the constitutional provision. Article 15, section 6, which declares that "the right of trial by jury of all issues of fact in civil proceedings, in the several Courts of Law in this State, where the amount in controversy exceeds the sum of five dollars, shall be inviolably preserved."

In the face of this provision, the 9th section of the Act of 1864, cannot be construed so as to deprive the defendant in this case, of the right of having the damages ascertained by a jury. In a proceeding under this Act, where a defendant has not appeared in Court and is in default; or having appeared, waives or fails to ask to have this question referred to a jury, the Court is empowered to assess the damages.

But the defendant in this case not having waived his constitutional rights, was entitled to have the question of the amount of damages passed upon and decided by a jury. We therefore reverse the judgment of the Court below, whereby the judgment by default was extended and the amount of damages was ascertained. The judgment by default is left undisturbed, and the plaintiff will be entitled to proceed by writ of inquiry to have her damages assessed by a jury.

*Judgment by default affirmed*
*and extended judgment reversed.*

(Decided 10th March, 1870.)