(Decided 17th December, 1889.)

THOMAS GEMMELL *vs.* HENRY G. DAVIS and THOMAS B. DAVIS, trading as H. G. DAVIS & BRO.

*Limitation of Actions—Practice Act of 1886, ch. 184, for Baltimore City—Entry of Judgment by Default—Extension of Same—Affidavit of Defence—Presumption.*

A plea to an action on a promissory note, that the defendant "did not promise as alleged, within three years prior to the institution of the suit," constitutes no answer to the action, and a demurrer to it must be sustained.

It is not the making of the promise at the time alleged that forms the bar to the action, but the accrual of the right to sue on the promise more than three years before action brought.

In proceedings under the practice Act for Baltimore City of 1886, ch. 184, where the cause of action verified by affidavit is filed with the declaration, it is provided by section 170 of the Act (Code of Public Local Laws, Art. 4, sec. 167,) that the plaintiff, "shall be entitled to judgment, to be entered by the Court, or the clerk thereof, on motion in writing, at any time after fifteen days from the return day to which the defendant shall have been summoned, although the defendant may have pleaded, unless such plea contains a good defence, and unless the defendant, or some one in his behalf, shall, under oath or affirmation, state that every plea so pleaded by the defendant is true, and shall further state the amount of the plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed," &c., "provided, that the Court, for good cause shown, may by its

Gemmell *vs.* Davis.

order in writing, passed at any time before judgment, extend the time for filing such pleas and affidavits, which extension shall suspend until the expiration thereof the plaintiff's right to enter judgment under this section." An action was brought under this Act upon a promissory note, and a writ of summons, returnable on the 12th of March, 1888, was served upon the defendant, who on the 27th of that month filed a plea which on demurrer was held to be insufficient. On the 6th of October, 1888, the defendant without application to or leave of the Court, filed three additional pleas: (1) that he was never indebted as alleged, (2) that he never promised as alleged, (3) that the plaintiffs were indebted to him in an amount greater than the plaintiffs' claim, which he was willing to-set off, but failed to state in his affidavit to said pleas what part of the plaintiffs' claim he admitted to be due, or the amount of the claim pleaded as set-off. On the 11th of October, the plaintiffs filed a motion for judgment by default for want of a sufficient plea, and for want of a sufficient affidavit of defence; and on the 29th of the same month the Court ruled the demurrer to the original plea good, and granted the motion for a judgment by default and entered the judgment accordingly. On the same day the judgment was extended for the amount of the note sued on. The defendant filed a motion to strike out the judgment, assigning among other reasons, that no copy or notice of the motion for judgment had been given to the defendant or his attorney, and that the judgment was extended without affording to the defendant or his attorney an opportunity to demand a trial by a jury of the question of the amount of damages to be assessed to the plaintiffs, if any. On appeal from an order overruling the motion to strike out the judgment, it was HELD:

1st. That the pleas filed as of the 6th of October, 1888, being placed upon record without the authority of the Court, and not being supported by such affidavit as the statute required, were rightly regarded by the Court below as mere nullities, and there was no error in entering the judgment as by default for want of plea.

2nd. That no irregularity was committed by the Court below, after entering the judgment by default, in proceeding on the same day to extend the judgment for the amount of the note sued on, without giving the defendant an opportunity to require the damages to be assessed by a jury.

3rd. That the failure of the defendant, during the pendency of the question on the demurrer to his plea, or after the plaintiffs,

Gemmell *vs.* Davis.

motion for judgment as by default, to suggest that he would require a jury to assess the damages, gave rise to the presumption that he did not regard it as of any practical importance to him.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court. The plea of set-off filed by the defendant, (now appellant) is as follows:

"3rd. For defence on equitable grounds, that the plaintiffs are indebted to the defendant in an amount greater than the said plaintiffs' claim, for money payable by the plaintiffs to the defendant, for money had and received by the plaintiffs for the use of the defendant. Which amount the said defendant is willing to set-off against the plaintiffs' claim." And the affidavit made on behalf of the defendant, to this and the two other pleas filed therewith is, "That every one of the above pleas pleaded by the defendant is true, and that the affiant verily believes that the defendant will be able, at the trial of the cause, to support each of the above pleas, and that he is advised by counsel for the defendant to file said pleas."

The cause was argued for the appellant before ALVEY, C. J., STONE, MILLER, BRYAN, and McSHERRY, J.

*William L. Marbury.* for the appellant.

No appearance for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

This action was brought to recover the amount of two promissory notes made by the defendant to the plaintiffs, dated respectively the 14th of December, 1881, and the 14th of February, 1882,—the first payable at sixty days, and the second at three months. The action was insti-

Gemmell *vs.* Davis.

tuted on the 10th of March, 1888, and the summons was made returnable on the 12th of the same month, that being the next regular return day after the issue of the writ. The defendant was duly served, and he appeared to the action on the return day.

The proceeding was taken under the provisions of the recent Practice Act for Baltimore City, of 1886, ch. 184. The declaration was filed at the time of the institution of the suit, and appended thereto was an affidavit of one of the plaintiffs, and filed therewith were the two promissory notes sued on, as required by section 171 of the Act (now sec. 168 of Art. 4 of the Code of Pub. Loc. Laws); and the defendant, on the 27th of March, 1888, pleaded under oath a single plea, "that he did not *promise* as alleged, within three years prior to the institution of the suit." To this plea the defendant demurred, and the demurrer was sustained; though the ruling on the demurrer does not appear to have been made and entered until October 29th, 1888. In this ruling the Court was clearly right; for it was not the fact of making the promises at the time alleged that formed the bar to the action, but the *accrual of the right to sue* on those promises more than three years before action brought. The plea, in the form pleaded, constituted no answer to the action.

On October 6th, 1888, and while the demurrer was pending, or was being held under advisement by the Court, the defendant, without application to or leave from the Court, placed upon record three additional pleas: 1st. That he never was indebted as alleged; 2d. That he never promised as alleged; and 3d. That the plaintiffs were indebted to him in an amount *greater* than the plaintiffs' claim, which he was willing to set-off; though he utterly fails to state in the affidavits to these pleas, what part of the plaintiffs' claim he admits to be due, nor does he state the amount of the claim

pleaded as set-off. After the filing of these pleas by the defendant, that is, on the 11th of October, 1888, the plaintiffs filed a motion in writing for judgment by default, for want of a sufficient plea, and for want of a sufficient affidavit of defence. This motion the Court, upon sustaining the demurrer to the first plea filed, granted, and entered the judgment accordingly. And in regard to the additional pleas, the Court said: "The pleas and affidavit marked 'filed the 6th of October, 1888,' are not properly before the Court, as they were filed long after the time allowed by law, without the consent of the Court, which, if it had been asked, could not have been given, unless the application had been made *within* fifteen days from the return of the writ." The Court then, on the 29th of October, 1888, extended the judgment for the amount of the two notes sued for, and which had been filed with the declaration.

The day after the entry of the judgment for the amount of the notes, the defendant filed a motion to strike out the judgment, and assigned as causes therefor, 1st. That there were pleas, containing a good defence, and duly sworn to, on file before any motion to enter judgment was made by the plaintiff; 2d. That the judgment was prematurely entered, and without opportunity to the attorney of the defendant to be heard as to the right of the plaintiff to have the judgment entered; 3d. That there was no copy of the motion for judgment served on the defendant or his attorney, and no notice given of such motion; and on the 14th of January, 1889, an additional reason was filed, to the effect, that the judgment was extended without affording to the defendant, or his attorney, an opportunity to demand a trial by jury of the question of the amount of damages to be assessed to the plaintiff, if any. This motion to strike out was considered by the Court, and, on the 11th of February, 1889, was overruled. The defendant there-

upon, on the 9th of April, 1889, entered appeals to this Court from the judgment entered against him, and from the order overruling the motion to strike out the judgment.

In regard to the first of these appeals, that from the judgment itself, having been taken more than two months after the date of the judgment, it must be dismissed. 1 Code, Art. 5, sec. 6. But the questions attempted to be raised on that appeal are raised by the motion to strike out the judgment, and the appeal from the order overruling that motion appears to have been taken in time.

1. Whether the Court below was right in its refusal to strike out the judgment for the alleged irregularities in entering it, depends upon the proper interpretation of sections 170 and 171 of the Practice Act before referred to. By the first of these sections, it is provided that "In any suit, when the cause of action is a contract, whether in writing or not, or whether expressed or implied, the plaintiff, if affidavit or affirmation be made, as hereinafter stated, *shall be entitled to judgment,* to be entered by the Court or the clerk thereof, on motion in writing, *at any time after fifteen days from the return day* to which the defendant shall have been summoned, *although the defendant may have pleaded,* unless such plea *contains a good defence,* and unless the defendant, or some one in his behalf, shall, under oath or affirmation, state that every plea so pleaded by the defendant is true, and *shall further state the amount of the plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed,"* etc. And in the latter clause of the section it is provided, that "in case any part of the debt or damages claimed be admitted to be due, the plaintiff shall be entitled forthwith to an entry of judgment therefor, with costs, in full satisfaction and discharge of the action; provided, the amount so admitted to be due shall not be

Gemmell *vs.* Davis.

below the jurisdiction of the Court; or the defendant may pay such admitted part into Court, and thereupon such proceedings shall be had as are provided by law in other cases of payment of money into Court; provided, that the Court, *for good cause shown* may, by its order in writing, *passed at any time before judgment, extend the time for filing such pleas and affidavits,* which extension shall *suspend,* until the expiration thereof, *the plaintiff's right to enter judgment* under this section." The next succeeding section of the Act provides for the affidavit of the plaintiff to be filed with the declaration, and the filing therewith the bond, bill of exchange, promissory note, or other cause of action, in order to entitle the plaintiff to take judgment under the provisions of section 170.

The obvious purpose of the Act is not only to furnish a short and expeditious method of recovery in the class of actions mentioned, but, by requiring disclosure under oath, as to the real amount or matter in dispute or actual contest between the parties, to avoid unnecessary trouble and expense in the trial. And while the construction of the statute should be such as to afford to every defendant a full and fair opportunity to make all his defences to the action against him, no such restrictive construction as against the rights of the plaintiff should be adopted as would, to any extent, defeat or frustrate the beneficial objects contemplated by the Legislature.

By the terms of the section quoted, the plaintiff has a right, at any time after the expiration of the fifteen days from the return day, to apply for and obtain judgment, *as by default,* unless there be a plea by the defendant showing a good defence, and verified in the manner prescribed by the statute. Such plea the defendant may plead at any time *within* the fifteen days, without special leave of the Court. But, if the fifteen days from the return day have expired, and the plaintiff's right to

judgment has accrued, in default of a good plea pleaded, in such case, the defendant cannot arrest the right of the plaintiff to demand and obtain his judgment, except in the manner prescribed by the terms of the statute. In such case, says the statute, the Court may *"for good cause shown,* by its order in writing, passed *at any time before judgment,* extend the time for filing such pleas and affidavits, *which extension shall suspend until the expiration thereof* the plaintiff's right to enter judgment.*"* The defendant, therefore, can file no plea, after the expiration of the fifteen days, unless it be by leave of the Court first obtained, upon good cause shown, before judgment entered. This is the clear meaning of the terms of the statute, and if by construction a different meaning be attributed to them, such as that contended for by the defendant, they would be virtually deprived of all restrictive force, and the defendant in any case would be able to do what was attempted to be done in this case, that is, to defeat the plaintiff's right to judgment by simply placing upon record pleas and affidavits at any time before judgment entered, regardless of the fact that no cause had been shown, nor any leave of the Court obtained. To suffer this to be done would simply be in defiance of the express terms of the statute.

As we have already shown, the first plea filed furnished no answer to the action; and the pleas filed as of the 6th of October, 1888, were not only placed upon record without the authority of the Court, and therefore in violation of the terms of the statute, but were not supported by any such affidavit as the statute requires. *Adler vs. Crook, et al.,* 68 *Md.,* 494. These pleas, therefore, were rightly regarded by the Court below as mere nullities, and there was no error in entering the judgment as by default for want of plea. *Knickerbocker Life Ins. Co. vs. Hoeske,* 32 *Md.,* 317, 325.

2. It is contended that it was a fatal irregularity in the Court below, after entering the judgment by default, in proceeding to extend the judgment for the amount of the notes, without giving the defendant an opportunity to require the damages to be assessed by a jury. But we think there is no ground for this contention. If the defendant had required, at the proper time, the assessment of damages to be made by a jury, rather than by the Court, he would, no doubt, have been accorded the right. But the great delay in making a question of his right gives rise to the presumption that he did not regard it as of any practical importance to him, and hence he did not avail himself of the ample opportunity during the pendency of the question on the demurrer to his plea, or after the plaintiff's motion for judgment as by default, to suggest that he would require a jury to assess the damages. After a defendant is brought into Court, in a suit conducted under the provisions of the statute, he is required to be active and prompt in availing himself of his defences. The defendant here, being in default, had no right to insist that he should be served with notice of the motion of the plaintiff for judgment, or that he should be called upon to elect whether the damages should be assessed by a jury rather than the Court, under the statute. *Knickerbocker Life Ins. Co. vs. Hoeske,* 32 *Md.,* 317, 326.

Being of opinion that the Court below was right in overruling the motion to strike out the judgment, we shall affirm the order from which the appeal is taken.

*Order affirmed.*

(Decided 17th December, 1889.)