## ELIZABETH BETZ *vs.* P. WELTY & COMPANY.

*Practice; return day; failure to plead in time; extension of time; motion to strike out. Judgment by default; appeals; name of party. Presumption in favor of lower Court.*

Where under a Practice Act a defendant is required to plead within a certain time, and no plea is filed in that time, but the declaration is demurred to after the time required for the pleas, the demurrer may be treated as a nullity and judgment entered by default.                    p. 194

Under a Practice Act the Court, upon good cause shown, could extend the time of filing pleas; upon appeal from a judgment by default for want of pleas filed in time, the record did not show for what cause the defendant asked leave to file pleas after the expiration of the time allowed by statute. *Held*, that the Court of Appeals could not pass upon the correctness of the Court's ruling in reference to the extension of time.                    p. 194

A judgment by default establishes, first, the jurisdiction of the Court to pass it; second, the liability of the defendant to the plaintiff for something. For those purposes such a judgment is as binding as any other.                    p. 195

In such a case it is incumbent on the plaintiff to prove the amount for which the defendant is liable, but it is not necessary to offer proof of his liability.                    p. 195

Where a plaintiff served with a summons demurs to the declaration, but suffers a judgment by default to be entered against him, he can not, at the proceedings for the assessment of damages, give evidence to show that his right name is not the one by which he is sued.                    p. 196

*Decided June 23rd, 1911.*

Appeal from the Circuit Court for Allegany County (HENDERSON, J.).

The cause was submitted to BOYD., C. J., BRISCOE, PEARCE, BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*J. W. S. Cochrane* filed a brief for the appellant.

*Urner G. Carl* filed a brief for the appellee.

PATTISON, J., delivered the opinion of the Court.

This action was brought by the appellee against Elizabeth Betz, the appellant, under the provisions of the Act of 1902, Chapter 409, known as the Practice Act for Allegany County, to recover from the defendant the amount claimed to be due and owing upon an open account.

The declaration, consisting of the common counts, was filed at the time of the institution of the suit and appended thereto was an affidavit of the plaintiff, and filed therewith was the open account, as required by the local statute above mentioned, in which the name of the debtor appeared as Mrs. Henry Betz. The summons was issued on October 26th, 1910, and made returnable on the 14th day of November, following, and under the statute the defendant was required to plead to the declaration within fifteen days from the said return day.

On the 28th of December, 1910, forty-four days after the return day, the defendant, by her counsel, filed the following demurrer, as it is termed in the record:

"Elizabeth Roan, by J. W. Scott Cochrane, her attorney, appears in this cause as the party upon whom service of summons was made as 'Elizabeth Betz,' and demurs to the whole declaration and cause of action appended thereto."

On the following day, December 29th, he filed the following affidavit:

"Personally appeared before me, the subscriber, Deputy Clerk of the Circuit Court in and for Allegany County, Md., J. W. S. Cochrane, counsel for the *defendant* in the above case, and made oath in due form of law that the defendant has a *bona fide* intention of making a defence and contesting the right of judgment in the said above case, and that he does not resist the entry of judgment for the purpose of delay or of giving priority to others.

"E. R. JOHNSTON, *Deputy Clerk."*

On the 30th of December the plaintiff moved for a judgment by default "for want of a plea verified by affidavit (or for want of a sufficient plea) (or for want of a sufficient affidavit)," and on January 3rd, 1911, judgment by default was entered. The following day, January 4th, a motion for a new trial was filed, upon which a new trial was granted on January 30th, 1911.

It is disclosed by the record, although it does not appear in the docket entries, that after the granting of a new trial and on the same day thereof, the defendant offered to file her plea of "never indebted as alleged" and affidavit, as required by the said statute, but the Court, upon motion of *ne recipiatur* refused to receive the same. Judgment by default was thereafter, on the same day, entered, as shown by the docket entries.

The first question raised by this appeal is as to the ruling of the Court in refusing to receive the plea offered by the defendant on January 30th, 1911, more than two months after the return day of the summons. No plea had hitherto been filed; in fact, no pleading of any character had been filed by the defendant to the suit instituted against her, other than the demurrer to the whole declaration and cause of action above mentioned, and this was filed more than forty days after the return of the writ, and at a time when, under the statute, the plaintiff was entitled to its judgment by default, and which was evidently treated by the plaintiff in filing his motion, and by the Court in entering the judg-

ment by default, as a nullity, and as we think, properly so. *Knickerbocker Life Ins. Co.* v. *Hoeske,* 32 Md. 325; *Gemmell* v. *Davis,* 71 Md. 464.

The statute upon which this suit is instituted provides that, "In any suit when the cause of action is a contract, whether in writing or not, or whether expressed or implied, the plaintiff, if affidavit or affirmation be made as hereinafter stated, shall be entitled to judgment to be entered by the Court or clerk thereof, on motion in writing at any time after fifteen days from the return day, to which the defendant shall have been summoned, although the defendant may have pleaded, unless such plea contains a good defence and unless the defendant or some one on his behalf shall, under oath or affirmation, state that every plea so pleaded by the defendant is true," etc. And in the latter clause of the section it is provided that, "The Court, for good cause shown, may by its order in writing, passed at any time before judgment, extend the time for filing such plea and affidavits, which extension shall suspend until the expiration thereof of the plaintiff's rights to enter judgment under this section."

In the case of *Gemmell* v. *Davis, supra,* in which case the pleas had been filed without the permission of the Court, after the expiration of the fifteen days from the return day, the Court, in construing the local statute for Baltimore City, from which the provisions of the statute here involved, in which we are now concerned, were copied, said: "The plaintiff has a right, at any time after the expiration of the fifteen days from the return day, to apply for and obtain judgment, as by default, unless there be a plea by the defendant showing a good defence, and verified in the manner prescribed by the statute. Such plea the defendant may plead at any time within the fifteen days, without special leave of the Court. But if the fifteen days from the return day have expired, and the plaintiff's right to judgment has accrued, in default of a good plea pleaded, in such case the defendant can not arrest the right of the plaintiff to demand and obtain

his judgment, except in the manner prescribed by the terms of the statute. The defendant can file no plea after the expiration of the fifteen days, unless it be by leave of the Court first obtained, upon good cause shown, before judgment entered."

In this case more than two months had expired after the return day when the defendant asked leave of the Court to file her plea, which was refused her. For what cause the defendant asked leave to file her plea after the expiration of the time allowed her under the statute is not shown by the record. Therefore, if the action of the Court below in refusing to permit the defendant to file her plea after the expiration of the time allowed her by law, upon cause shown by her, be reviewable by this Court, such cause or facts upon which she based her request are not before it, and, therefore, it can not pass upon the correctness of the Court in its ruling thereon.

Upon the refusal to receive the plea, a judgment by default was entered. It was then that the plaintiff proceeded to have its damages assessed, and in the offer of evidence for that purpose the second question under this appeal arises.

It will be borne in mind that the defendant was sued as Elizabeth Betz, while in the account she is referred to as Mrs. Henry Betz. The plaintiff offered the evidence of its attorney, who stated that he did not know what the defendant's proper name was, whether Elizabeth Roan or Elizabeth Betz; and he knew she was once Mrs. Henry Betz, and she was the party he intended to sue. That he had sued her before on the same cause of action as Elizabeth Roan and that the case was *non-prossed* on the call of the docket by reason of the absence of the plaintiff's counsel. To the admission of this evidence the defendant objected, but the Court overruled the objection and admitted the testimony; to which ruling the defendant excepted.

Thereafter the defendant offered her own evidence in which she stated, "That her name is not Mrs. Henry Betz; that her name is Elizabeth Roan; that she is the widow of

Thomas Roan, deceased; that she was formerly married to a man by the name of Henry Betz, who died some ten or twelve years ago; that she then married Thomas Roan, now deceased; that she was not in business and did not make nor incur in any way the bill sued on; that her son by her first marriage, Henry Betz, was in the saloon business, but that she had no interest in the business; that she knows but one Mrs. Henry Betz, and that is the wife of her said son, who was in the saloon business when the bill sued on was alleged to have been contracted." To the admission of this testimony the plaintiff objected, and the Court sustaining the objection, the defendant excepted thereto.

As stated above, the judgment by default had been entered. "The effect of the judgment by default is to establish the defendant's liability. Two points are established by the recovery of a judgment by default. 1st, the jurisdiction of the Court to pass it; and 2nd, the *liability of the defendant* to the plaintiff for something, and for these purposes such a judgment is as binding as any other." *Poe,* 2nd Vol., secs. 369 and 372.

It was incumbent upon the plaintiff to prove the amount for which the defendant was liable, but it was not necessary for it to offer proof as to her liability, for this was established by the judgment, and any testimony offered contradicting such liability, was inadmissible.

Our predecessors so early as the case of *Green* v. *Hamilton,* 16 Md. 329, held that a judgment by default, if regularly entered, is as binding as any other as far as respects the power and jurisdiction of the Court *in declaring that the plaintiff is entitled. Mailhouse* v. *Inloes et al.,* 18 Md. 333; *Heffner* v. *Lynch,* 21 Md. 555. And Judge Alvey, in the case of *Loney* v. *Bailey and Caldwell,* 43 Md. 15, after quoting from *Green* v. *Hamilton, supra,* that which we have here above quoted, said: "So far then as the question of the right of the plaintiff to recover is concerned, the judgment by default is decisive for that, leaving the amount to be subsequently ascertained; and to the extent that such judg-

## 196　　　　BETZ *vs.* WELTY.

196　　　　BETZ *vs.* WELTY.

ment is decisive ,it stands upon the same footing of all other final judgments."

This person, whatever be her name, is the one brought into Court as the defendant in this suit against Elizabeth Betz. Had she so wished, her true name could, by amendment, have been substituted for the name. thus improperly used. The opportunity was afforded her to make any proper defence to the claim that she may have had, but she failed to avail herself of this opportunity and suffered judgment by default to go against her. It was probably by reason of the existence of the doubt as to her true name, which was made evident by the demurrer filed by her, that the plaintiff was prompted to offer the testimony tending to show that it was against her, the person upon whom the summons was served, that suit was intended to be brought. Her liability, however, was already established by the judgment, and this testimony, if wrongly admitted, could only be regarded as superfluous and as working no injury to the defendant. But the testimony of the defendant was properly excluded, if for no other reason, because it tended to contradict the liability of the defendant after the same had been established by the judgment, which was final as to her liability.

From what we have said, the judgment of the Court below will be affirmed.

> *Judgment affirmed, with costs to the appellee.*