[No. 11962.    Department One. — June 16, 1887.]

## B. M. LINDSAY, RESPONDENT, *v.* T. H. STEWART, APPELLANT.

PLEA IN ABATEMENT — PENDENCY OF FORMER ACTION — DEFENSE WHEN SUSTAINED. — A plea in abatement on the ground of the pendency of a former action will not be sustained, unless it appears that the plaintiff in the former action is the same as in the action in which the plea is offered, and that the cause of action in both is founded upon one entire contract, or upon one single or continuous tort.

ID. — PLEADING — COUNTERCLAIM — BALANCE DUE ON OPEN ACCOUNT — PRIOR ACTION BY DEFENDANT ON CERTAIN ITEMS OF — ELECTION OF REMEDIES. — In an action founded on contract, the defendant may set up by way of counterclaim a cause of action existing in his favor against the plaintiff for a balance due on an open, mutual, and current account, notwithstanding a prior action brought by him against the plaintiff on

certain items of the account is still pending and undetermined. In such a case the defendant need not dismiss the prior action, nor elect between it and the counterclaim.

ID. — AFFIRMATIVE RELIEF ON COUNTERCLAIM — SET-OFF. — In such a case, if the items of the account on which the prior action is founded aggregate less than the demand of the plaintiff, the defendant is not entitled to affirmative relief on his counterclaim, although the balance due on the entire account is greater; he may, however, set off any and all items of the account, whether included in the prior action or not, as a defense to the demand of the plaintiff.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*S. A. Sheppard, J. Marion Brooks,* and *Frederick Hall,* for Appellant.

*Blackstock & Shepherd,* for Respondent.

PATERSON, J. — This action was commenced in February, 1886, to recover from the defendant, first, the sum of $750 with interest, alleged to be due on a promissory note executed and delivered by defendant to M. H. Lindsay, who assigned to plaintiff; second, the sum of $396.91, for work, money advanced, and merchandise furnished by plaintiff, at request of defendant, between February 11, 1884, and February 10, 1886.

The defendant answered, denying generally and specifically every allegation of the complaint, and setting up a further defense and counterclaim, alleging that plaintiff was indebted to him in the sum of $1,660.13 for the balance due on a mutual, open, and current account for goods sold and delivered by defendant to plaintiff, also for work done, money lent and paid out, lands sold, rent of land, board and lodging, and for pasturage,— all between January 1, 1884, and December 14, 1885.

The court found,—1. That the note for $750 was executed and delivered, and thereafter duly assigned, as

alleged in the complaint, that only part thereof was paid, and there was still due and unpaid $292.50.

2. That of the items claimed by plaintiff in his "second cause of action," the sum of $188.25 was still unpaid.

3. That defendant, on February 8, 1886, commenced an action in the Justice's Court against plaintiff for the sum of $118.18, for money lent, labor performed, and merchandise furnished, all of which items were included in and were a part of the counterclaim set forth in the answer of defendant herein; that the defendant therein (plaintiff herein) appeared and answered, denying each and every allegation of the complaint, and that said cause in Justice's Court was at the commencement of this suit and is "still pending and undecided, and has not been dismissed nor discontinued."

4. As conclusions of law, the court finds that plaintiff is entitled to judgment; that plaintiff's plea in abatement be sustained and defendant's counterclaim be abated and dismissed, and that plaintiff is entitled to judgment against defendant for $480.75 and costs.

The judgment was that " plaintiff do have and recover of and from T. H. Stewart, defendant, $480.75, and costs amounting to $128.15."

There was no plea in abatement to the counterclaim of defendant, and there could be no such plea under the circumstances.   To sustain the defense of a former action pending, it must appear that in that action the plaintiff is the same as in the action in which the plea is offered, and the cause of action in both must be founded upon one entire contract or upon one single or continuous tortious act.   The law abhors a multiplicity of actions, and will not permit a party to prosecute two actions for the same cause, because it annoys and harasses the defendant without cause; but there can be no reason for the application of this rule in cases where the defendant in the former action is the aggressor, and the other party relies upon the matters contained in that action for his

defense. (*Ayres* v. *Bensley*, 32 Cal. 630; *Herriter* v. *Porter*, 23 Cal. 385.)

In *Naylor* v. *Schenck*, 3 E. D. Smith, 135, the court, speaking upon this subject, said: "There is in this holding a misapprehension of the defendants' position. They are not prosecuting two actions, one of which abates the other. In an endeavor to recover their damages, they find themselves prosecuted by their adversary. They may defend by setting up any matter which the law recognizes as a defense, whether it be a cause of action, or whether it be a judgment actually recovered thereon,—the only difference being that after judgment it must be used as a judgment, and by way of set-off.'

The defendant herein was not bound to dismiss his action in the Justice's Court, nor was he required to elect between that action and his defense in this suit, the former not having gone to judgment. (*Fuller* v. *Read*, 15 How. Pr. 238; *Wiltsie* v. *Northam*, 3 Bosw. 168.)

We think, however, that defendant can make use of the matters contained in his counterclaim only in defense of the plaintiff's claim, and as an offset thereto, and will not be entitled to judgment in his favor for any balance due on the account. In his counterclaim defendant alleges: "That the plaintiff is indebted to the defendant in the sum of $1,660.13, the balance due defendant on the ninth day of February, 1886, upon a mutual, open, and current account in which there were reciprocal demands between the plaintiff and defendant," and that the items were " charged in account between the first day of January, 1884, and the fourteenth day of December, 1885, the date of the last item of said account, all of which will more fully appear from the copy of account hereto annexed and made a part of this amended answer and counterclaim, marked ' A '; that the aggregate amount of said above alleged items of account and demands is the sum of $1,797.80, no part of which has been paid, except the sum of $137.75, leaving a balance

of $1,660.13 of said demand unpaid; that the plaintiff refused to pay the same."

As before stated, this account contained all of the items sued for in the Justice's Court, and all were due at the time that suit was commenced. The defendant could not have maintained another action against plaintiff for the balance of the account.

The allegations of the counterclaim clearly show that the balance of the mutual, open, and current account in favor of the defendant constitutes an entire demand, against which it was intended the statute should not begin to run earlier than the date of the last item, to wit, December 14, 1885. Such an account cannot be severed, and different suits be brought upon it piece-meal (*Corey* v. *Miller*, 12 R. I. 338; *Borngesser* v. *Harrison*, 12 Wis. 544; S. C., 78 Am. Dec. 757); and if action be brought in such case for a part only of the items, he cannot afterwards sue for the rest. For the purpose of defending against the claim of his adversary, however, he may set out any and all items of the account, whether included in the former action pending or not.

Judgment and order reversed, and cause remanded for a new trial.

Temple, J., and McKinstry, J., concurred.