# MARYLAND REPORTS.

## JANUARY TERM, A. D., 1894.

### NICHOLAS W. STEELE vs. ROBERT SELLMAN.

*Action on Joint and Several bond—Legal and Equitable defences—Set-off—Pleas—Sufficiency.*

The surviving obligor in a joint and several bond,—a non-negotiable *chose in action*,—can make the same legal and equitable defences against the assignee as were available to him against the assignor at the time of the assignment, and before notice thereof, and to the same extent.

Section 12 of Article 75 of the Code, giving the defendant in a suit on a sealed writing liberty to file any demand or claim he may have against the plaintiff on a sealed instrument in bar, or plead it in discount of the plaintiff's claim, does not deprive the defendant of his right, in an action against him as surviving obligor on a joint and several obligation, by the assignee of the original obligee, to set-off an indebtedness of the latter to the defendant's co-obligor on a writing obligatory which was assigned by him to the defendant before the assignment of the writing obligatory to the plaintiff.

Where two or more parties enter into a joint and several bond, it becomes the separate debt of each, and may therefore be set-off by the obligee in an action brought against him by either of the obligors.

In an action on a joint and several bond executed by the defendant and S. and assigned to the plaintiff, a plea alleging that the

NOTE—The subject of set-off against assigned claims is very fully treated in a note to *Bradley vs. Thompson Smith's Sons,* (*Mich.*) 23 *L. R. A* , 305; and there is a separate note to set-off against assigned commercial paper with the case of *Merrill vs. Cape Ann Granite Co.,* (*Mass.*) 23 *L. R. A.,* 313.

plaintiff's assignor was at the time of the assignment, indebted in a greater amount to the defendant upon his writing obligatory to S., which S. assigned to the defendant prior to the assignment to the plaintiff, and further that the plaintiff's assignor was, prior to the time of the assignment to the plaintiff, hopelessly insolvent, and ever since has been, constitutes a full and sufficient answer to the plaintiff's claim.

A plea alleging that, before the assignment to the plaintiff, the assignor released in writing all his right, title, and claim to the writing obligatory assigned, is bad.

A defendant's right to set-off a proper claim or demand is not defeated by the fact that he has commenced an action, which is still pending, to recover such claim.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

*First and Second Exceptions,* taken by the defendant to the admission of certain evidence, are not set out, inasmuch as this Court deemed it unnecessary to consider them.

*Third Exception.*—The defendant prayed the Court, to instruct the Court, sitting as a jury, that under the pleadings and evidence in the case, the plaintiff has offered no legally sufficient evidence to entitle him to recover a judgment in this action, and the verdict must be for the defendant. The Court (STAKE, J.,) rejected the prayer, and the defendant excepted.

*Fourth Exception.*—The plaintiff offered the following six prayers:

1. That the Court, sitting as a jury, must find for the plaintiff on the first and second rejoinders filed by defendant to plaintiff's replication to defendant's plea of set-off filed and pleaded in the cause, as no legally sufficient evidence has been offered to sustain said rejoinders.

Steele *vs.* Sellman.

2. That the defendant has offered no legally sufficient evidence that the defendant "immediately before the filing of his amended plea of set-off in this action, dismissed the suit" mentioned in plaintiff's replication or plea of abatement in the Baltimore City Court, by entering a *non pros.* therein, as alleged in defendant's second rejoinder.

3. That no legally sufficient evidence has been offered before the Court, sitting as a jury, from which it can find that defendant, Nicholas W. Steele, dismissed the suit between the defendant, Nicholas W. Steele and Pinkney L. Davis, mentioned in plaintiff's said replication or plea of abatement, as alleged in defendant's second rejoinder to plaintiff's said replication.

4. That the defendant has offered no legally sufficient evidence from which the Court, sitting as a jury, can find that the defendant instituted said suit in said Baltimore City Court on the single bill offered in evidence, to recover such amount as might be due and owing on said single bill in excess of the amount proper to be allowed in this suit, as alleged by him in his first amended rejoinder.

5. That under the pleadings in the cause the finding of the Court, sitting as a jury, must be for plaintiff on the defendant's first and second rejoinder filed to plaintiff's replication or plea, averring the pending of a suit as set out in said replication, as there has been offered in the cause no legally sufficient evidence to sustain the allegations in said rejoinders.

6. If the Court, sitting as a jury, shall find the facts set out in the record offered in evidence, and that the defendant is the party plaintiff in said record, and that Pinkney L. Davis, the assignor of the single bill declared on in this cause by the plaintiff as assignee thereof, is party defendant therein, and shall further find the cause of action set out in said record is the same cause

of action pleaded by defendant in his said plea of set-off filed in this cause, then said record offered in evidence is presumptive evidence of the pendency of said suit at the time of filing by plaintiff of his said replication or plea in abatement, and the finding of the Court, sitting as a jury, should be for plaintiff on defendant's second rejoinder, unless the Court should further find that the defendant, before the filing of said plea of abatement or replication by plaintiff, dismissed said suit in the Baltimore City Court.

The defendant offered the following prayer:

That under all the pleading and evidence in this case, the finding of the Court, sitting as a jury, must be for the defendant, because the plaintiff has offered no legally sufficient evidence to prove that at the time of the filing of the second amended plea of set-off in this case, there was pending in Baltimore City Court the suit mentioned in the replication.

The Court granted the plaintiff's second, third, fourth and sixth prayers, and rejected his first and fifth prayers, and rejected the defendant's prayer. The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, McSHERRY, BOYD, and BRISCOE, J.

*Charles E. Fink,* for the appellant.

*Harry M. Clabaugh,* (with whom were *Joseph D. Brooks,* and *James A. C. Bond,* on the brief,) for the appellee.

PAGE, J., delivered the opinion of the Court.

This action was brought by Robert Sellman against Nicholas W. Steele, the surviving obligor of James H.

Steele, Jr., to recover the amount due upon the joint and several obligation of the Steeles for the sum of two thousand dollars, payable five years after the 17th day of August, 1886, (the date of the bill,) to Pinkney L. Davis, who assigned the same to the plaintiff, on the sixth day of July, 1891. The defendant pleaded, 1st, that Pinkney L. Davis was at the time of the assignment, indebted in a *"greater amount"* to the defendant, upon his writing obligatory to James H. Steele for $5000, &c., which obligation the said James assigned to the defendant, prior to the assignment in the declaration mentioned, and that the same was not paid, and the defendant was willing to set-off against the plaintiff's claim; 2nd, "being for defence on equitable grounds," the same facts set out in the first count, and further, that Pinkney L. Davis was, prior to the time of the assignment to the plaintiff hoplessly insolvent, and ever since has been, and still is; and 3rd, that before said assignment to the plaintiff, Davis released in writing all his right, title, and claim to the said writing obligatory. A demurrer to these pleas was sustained. The defendant then filed an amended plea, and a demurrer to this having been sustained, filed a "second amended plea," in which it is alleged that the obligation in the declaration mentioned is joint and several, that Davis, the payee, at the time of the assignment to the plaintiff was, and is still, indebted in *"an equal amount,"* upon the bill obligatory of James Steele as set out in the original first plea. Replication, that the defendant on 14th September, 1891, before this suit was instituted or plea pleaded, brought suit on the single bill in the plea mentioned, and that said suit was still pending. Rejoinder, that the true amount owing by Davis to the defendant was greater than that due to plaintiff, and that said suit was brought for the excess; 2nd, that before filing his plea, the defendant had dis-

missed the said suit; and 3rd, "by way of equitable defence," that at the time of said assignment to the plaintiff, Davis was and is yet insolvent, as set out in defendant's third original plea, and, further, that the assignment was without valuable consideration and fraudulent. To the third, a demurrer was sustained, and upon the first and second, issue was joined. At the trial two exceptions were taken by the defendant upon the admissibility of evidence, and two to the action of the Court in granting and rejecting the respective prayers offered by the parties.

The first questions we are called upon to consider arise upon the disposition of the pleadings.

The plaintiff was the assignee of a non-negotiable *chose in action.* He therefore took it subject to all the legal and equitable defences of the debtor to which it was subject in the hands of the assignor, at the time of the assignment. The defendant, therefore, could make the same legal and equitable defences against the plaintiff, as were available to him against Davis at the time of the assignment, and before notice thereof, and to the same extent. Code, Art. 8, sec. 3.

This is so well settled that it is unnecessary to cite cases to sustain it. *Gittings vs. Seevers,* 24 *Md.,* 376; *Harwood, et al. vs. Jones,* 10 *G. & J.,* 405; *Tims and Wife vs. Shannon,* 19 *Md.,* 296.

Our Code confers the right to plead set-off in the broadest terms. "In any suit brought on any judgment, or bond, or other writing sealed by the party, if the defendant shall have *any demand* or *claim* against the plaintiff, upon judgment, bond or other instrument under seal, &c., * * he shall be at liberty to file such demand or claim in bar, or plead the same in discount of the plaintiff's claim, and judgment for the excess of the one claim, &c." Code, Art. 75, sec. 12. Thus, liberty is granted to file such demand or claim in bar

or plead the same in discount, and no restrictions are imposed as to the amount. If the demand or claim filed in bar be for a larger amount than the plaintiff's claim, in a proper case, judgment will be given for the defendant for the excess. In a case like this, however, where the set-off arises on account of what is due by a third party, no judgment it is true can be rendered, in the same suit, for the excess; but we think no valid ground can be assigned why the statute should for that reason be held to operate so as to deprive the defendant of his liberty to file his demand or claim in bar of the plaintiff's right to recover. *Waterman on Set-off*, secs. 660, 657; *Kast vs. Kathern*, 3 *Denio*, 344; *Peacock vs. Jeffery*, 1 *Taunton*, 426; *Byles on Bills*, 353.

The objection that the set-off is bad because the plaintiff's cause of action was executed by the two Steeles, whereas the bill mentioned in the plea is the act of James Steele only, we think cannot be sustained. The plaintiff's cause of action is the joint and several obligation of the parties, and it is well settled that "where two or more parties enter into a joint and several bond, it becomes the separate debt of each, and may therefore be set-off by the obligee in an action brought against him by either of the obligors." *Waterman on Set-off*, secs. 231, 232; *Fletcher vs. Dyche*, 2 *Durnford & East*, 36; *Culver vs. Barney*, 14 *Wendell*, 161; *Cate vs. Gray, Hemp*, 155; *Owen vs. Wilkinson*, 5 *C. B. (N. S.,)* 526.

We are of the opinion therefore there was error in sustaining the demurrer to the first of the defendant's original pleas. The second of the original pleas though stated to be on equitable grounds is substantially a plea of set-off. The facts therein set forth, if admitted to be true, would constitute a full and sufficient answer to the plaintiff's claim; the plea therefore ought to have been maintained. The third of these pleas was properly held to be bad. The demurrer to the replication

to the second amended plea should have been overruled. That the defendant had commenced suit on his single bill, and that the suit was still pending was no sufficient answer to the plea of set-off. Though, as was said in *State vs. Balto. & Ohio R. R. Co.*, 34 *Md.*, 374, set-off is "in the nature of a cross suit, the object of which is to prevent circuity of action," and does "not exist where the subject-matter of the set-off could not form the ground of an independent suit," yet it is a defence, and is to be raised by plea. The statute, Code, section 12 of Article 75, expressly recognizes this. It permits the defendant to "file such demand or claim in bar or plead the same in discount, &c." And this has always been so held. In *Evans vs. Prosser*, 3 *Durnford & East*, 187, the declaration was *in assumpsit;* plea set-off; replication, the defendant had brought an action against the plaintiff on the same cause of action, and the plaintiff had paid the money in Court; held, on the authority of *Brown vs. Baskerville*, 2 *Burrows*, 1229, "that the replication was ill." In *Naylor vs. Schenck*, 3 *E. D. Smith*, 138, the Court said: "They (the defendants) are not prosecuting two actions, one of which abates the other. In an endeavor to recover their damages they find themselves prosecuted by their adversary. They may defend by setting up any matter which the law recognizes as a defence, whether it be a cause of action or whether it be a judgment. * * * The principles governing the defence of set-off are, in this respect, distinctly applicable to this subject; and it was held, so early as in the time of Lord MANSFIELD, that the pendency of a prior action for a defendant's claim did not prevent his using it as a set-off, not even if his prior action had progressed to a verdict." *Stroh vs. Uhrich*, 1 *Watts & S.*, (*Pa.*,) 57; *Lightbody vs. Potter*, 10 *Wend.*, 534; *Wiltsie vs. Northam*, 3 *Bosworth*, (*N. Y.*,) 165; *Lindsay vs. Stewart*, 72 *Cal.*, 540; *King vs. Bradley*, 44 *Ill.*, 342; *Gunn's Adm'r vs. Todd*, 21 *Mo.*, 303.

As to the rulings of the Court below contained in the first and second exceptions, we do not think it is necessary for us to consider. In the view we have expressed, it is quite immaterial whether the suit in Baltimore City Court was pending or not. The rejection of the evidence set out in these exceptions could not affect the defendant's case.

The prayers of the plaintiff being founded upon the theory that the defendant could not maintain his defence if, at the time of the institution of the suit, or of the filing of the plea, there was a suit pending to recover the claim mentioned in plea, for the reasons above expressed, ought not to have been granted. We think there was also error in rejecting the defendant's prayer. The judgment will be reversed, and a new trial awarded.

> *Judgment reversed, and*
> *new trial awarded.*

(Decided 13th March, 1894.)