# THE JOHN W. WALDECK COMPANY,
## A Body Corporate,

### *vs.*

# C. FRANK EMMART.

*Baltimore Practice Act: extension of time for filing pleas; written order necessary; failure: effect of—; judgment by default; additional pleas; without order, no effect. Re-instating case: discretion of court. Declarations: sufficiency of—; contracts need not be set out in full. Payments in installment: contracts for sealed instruments; covenant.*

Under the Baltimore City Speedy Judgment Act and its amendment by Ch. 184 of the Acts of 1894, the court may, for good cause shown, by its *order in writing,* passed at any time before judgment, extend the time for filing pleas and affidavits, and the right of the plaintiff to have judgment entered is suspended until the expiration of such extension; on appeal, in a suit brought under that Act, it was: *Held,* that where it did not appear from the record that there was any such order in writing, extending the time for additional pleas, and no writ of diminution was asked for, or granted, it must be assumed that the record is correct, and that no such leave was obtained, and the plaintiff, in such a case, could not be deprived of his judgment, if the prior pleas were insufficient, even though special pleas, filed without leave, constituted a good defense.

p. 473

Under the Baltimore City Speedy Judgment Act, as amended by Chapter 184 of the Acts of 1894, special pleas, although proper in themselves, if filed after a motion for a judgment by

default, for want of proper pleas, are ineffectual to defeat the plaintiff's right to a judgment, unless it appears that the court passed an order in writing extending the time for filing pleas.

p. 473

Covenant is the only action proper on an agreement under seal for the payment of a sum of money in installments, where all the installments are not yet due.                    p. 475

In an action on a written contract, whether the instrument be a deed or a simple contract, the contract need not be set out verbatim; it is sufficient if the legal effect be set out.    p. 475

In an action of covenant upon a lease, a declaration that states that the "plaintiff, by writing under seal, demised and let, * * *, etc., and the defendant covenanted to pay, etc.," is not defective because of its not stating that the *"defendant therein covenanted."*                    pp. 475-476

In an action of covenant, the only general issue plea admissible is the plea of *non est factum,* and such plea puts in issue only the question of the execution of the deed; other defenses must be pleaded specially.                    p. 476

Under Chapter 107 of the Acts of 1914, amending the Speedy Judgment Act of Baltimore City, if a judgment by default is entered for failure of the defendant to file a sufficient plea, etc., the court may, upon motion filed within 30 days of the entry of the judgment, strike out the same, and reinstate the case, with leave to the defendant to file additional pleas within ten days thereafter, provided the court is of the opinion that the interests of justice will be promoted thereby.                    p. 476

*Decided January 13th, 1916.*

Appeal from the Superior Court of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*R. Contee Rose,* for the appellant.

*Wm. H. Lawrence* and *Edwin T. Dickerson,* submitted a brief for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This suit was brought by the appellant under the Baltimore City Speedy Judgment Act, Chapter 184 of the Acts of 1886, as amended by Chapter 184 of the Acts of 1894, the appellee being one of the defendants. The suit was filed on the 5th day of February, 1915, and on the 12th of that month the appellee filed a plea in abatement, by way of a motion for judgment of *non pros.* on the ground of non-residence, together with the necessary affidavit; and on the same day the Court extended the time for further pleading until ten days after the determination of the plea in abatement. On the 6th of March judgment of *non pros.* was refused on the plea, and on the 8th of March the appellee appeared and filed the pleas, never indebted and never promised as alleged, together with the necessary affidavit and certificate of counsel. On the 22nd of March the appellant filed a motion for judgment by default against the appellee for want of a sufficient plea and affidavit of defense. On the 8th of May the motion for judgment was overruled, with leave to reply within ten days. On the 24th of June the appellant having refused to reply or join issue, judgment was entered against him, and for the appellee for costs, and this appeal therefrom taken.

By the Act it is provided that where the cause of action is in contract the plaintiff, having filed a declaration at the time of bringing suit, together with an affidavit of the true amount due him and the writing or account upon which the defendant is indebted, shall be entitled to judgment on motion in writing at any time after fifteen days from the return day to which the defendant has been summoned, although the defendant may have pleaded, unless such plea

contains a good defense, and unless the defendant shall under oath state every plea so pleaded is true; and shall further state the amount of plaintiff's demand, if anything, admitted to be due, and the amount disputed, and further that the affiant believes the defendant will be able at the trial to produce sufficient evidence to support the plea as to the part disputed, and that he is advised by counsel to file such plea; and such plea shall be accompanied by a certificate of counsel that he so advises the party making such affidavit.

By the briefs of each party it is stated that a special plea was filed on May 18th, ten days after the motion for judgment by default had been overruled. The appellee stating on the face of the plea that it was filed after leave of Court was obtained, and the appellant stating it was filed without such leave.

The record contains no such plea, and the docket entries make no mention of leave having been obtained to file additional pleas, except the extension above mentioned upon the filing of the plea in abatement, nor in fact do they show that the plea was ever filed.

The original Act and the amendment each contains the provision that the Court may, for good cause shown, by its order in writing passed at any time before judgment, extend the time for filing pleas and affidavits, and that the right of the plaintiff to enter judgment shall be suspended until the expiration of such extension.

Since the record does not show that the Court passed an order, in writing, to extend the time for filing additional pleas, and no writ of diminution was asked for, or granted, we will have to assume the record before us is correct, in that such leave was not obtained. Upon this assumption it is clear that the plaintiff could not be deprived of his right to judgment by default if the defense under the prior pleas filed was not sufficient, even though the special plea, filed without leave, constituted a good defense. In *Gemmell* v. *Davis,* 71 Md. 458, a suit under this same Act, the plaintiff demurred

to the plea filed, and while the demurrer was pending and no order extending the time for pleading had been passed, and several months after the defendant had been summoned, the defendant filed several additional pleas without leave of Court. Upon the demurrer being sustained judgment by default for want of a sufficient plea was entered, upon the motion of the plaintiff. This Court in affirming the judgment held the additional pleas should be regarded as mere nullities, because they were filed in violation of the terms of the statute. "This is the clear meaning of the terms of the statute, and if by construction a different meaning be attributed to them, such as that contended for by the defendant, they would virtually be deprived of all restrictive force, and the defendant in any case would be able to do what was attempted to be done in this case, that is, to defeat the plaintiff's right to judgment by simply placing upon record pleas and affidavits at any time before judgment entered, regardless of the fact that no cause had been shown nor any leave of Court obtained. To suffer this to be done would simply be in defiance of the express terms of the statute."

To determine whether the appellant was entitled to a judgment by default for want of a good defense, notwithstanding the appellee had filed pleas, with affidavit and certificate according to the terms of the Act, it will be necessary, before examining the pleas, to consider first the nature of the suit brought.

According to the averments of the declaration the appellee was the lessee of property from the appellant under a lease in writing and under seal, for a term of over six years beginning on May 15th, 1914, with a covenant that the annual rent was to be paid in equal monthly instalments from the beginning of the term until its ending on February 28th, 1921; and that the instalments of rent due in November and December, 1914, and January, 1915, were due and unpaid. At the time of bringing the suit the appellant filed an itemized account of the amount due under oath together with a copy of the lease.

The cause of action being in contract, it was necessary to select the form of action in which the suit was to be brought. In *Chitty's Pleading,* Vol. 1, p. 118, it is declared: "It (covenant) is the proper remedy where an entire sum is by deed stipulated to be paid by instalments, and the value is not due, nor the payment not secured by penalty." *Platt on Covenants,* 3 Law Library, 545, Remedies and Relief Incident to Covenants, says: "Where money is stipulated to be paid by instalments until the whole debt is due, unless it be secured by a penalty, debt cannot be supported. Covenant in such case is the proper remedy and each successive default in payment at the appointed time, will give covenantee à fresh right of action for that particular instalment." And in *Poe's Pleading,* section 145, it is said, it is well settled that covenant alone will lie where there is an agreement under seal for the payment of a sum of money in instalments and they are not all due. It must be regarded as settled that the suit of the appellants should have been brought in covenant. And from an examination of the declaration we are convinced that it is in that form and is not open to the only objections raised by the appellee; they are, that it does not set forth fully the terms of the writing and omits that both parties covenanted under seal. It is not necessary in pleading in an action on a written contract, whether a deed or a simple contract, for the pleader to set out verbatim the written instrument, for it is open to him to either state its legal effect or set out in full. *Bullen and Leake, Precedents of Pleadings* (3rd Ed.), p. 58. As to the second objection, it is held by a number of authorities, that the word covenant imports a seal; but it is not necessary to enter into a discussion of that question, for we are of the opinion that the pleader has set out the fact that the defendant did covenant under seal. The count begins with the statement "for that the plaintiff, by writing under seal, demised and let * * * and the defendants covenanted to pay, etc." It is true that if it had been said, the defendants *therein* covenanted, it would have been beyond question that the averment met the

objection, but we think it is equally to be inferred from the language used.

The question now is, whether the pleas never indebted and never promised as alleged are good pleas in an action of covenant. These pleas were probably filed as general issue pleas, but, though they are proper pleas in actions on simple contracts, they are not good pleas in actions on specialties. The only proper plea that is any way in the nature of a general issue plea in covenant is *non est factum* and that only denies the execution of the deed and all other defenses must be pleaded specially. *Poe's Pleading,* section 527; *Chitty's Pleading,* Vol. 1, p. 120, 518; *Bullen and Leake's Precedents of Pleadings* (3rd Ed.), 467. Beyond all question, these pleas were bad and contained no good defense to the action, and, therefore, the appellant was entitled to his judgment by default, and for this refusal we will reverse the judgment and remand the case.

If, after the record is returned, judgment is entered for the appellant, the appellee can, if he chooses, avail himself of the provisions of Chapter 107 of the Acts of 1914, Charter of Baltimore City, Revised Edition, Section 315A, p. 224. wherein it is provided that if any judgment is entered against any defendant for failure to appear and plead, or failure to file a sufficient plea, affidavit or certificate of counsel, the Court in which such judgment has been rendered may upon motion, filed by the defendant within thirty days of the entry of the judgment, strike out the same and reinstate the case, with leave to the defendant to file pleas or amend the pleas already filed, within ten days thereafter, provided the Court is of the opinion that the interests of justice will be promoted by so doing. If the appellee feels that under these technical rules justice has not been done him, the way is open to him to appeal to the discretion of the Court and have the merits of his case heard.

> *Judgment reversed, with costs to the appel-*
> *lant and case remanded.*

URNER, J., dissented.