## MARION H. MERRYMAN

*vs.*

## GEORGE F. WHEELER, JR.

*Pleading* : *debt and covenant; specialty.* *Jury* : *province of—; prayers.*

An action of covenant will not lie to recover payments under a contract, when all the payments are due and payable.    p. 569

In such a case, debt is the proper form of action.    p. 569

To a suit on a specialty, the general issue plea is *non est factum,* and if other defenses are relied on, they must be specially pleaded.    p. 569

In an action of debt upon a specialty, pleas of payment and of set-off are proper pleas.    p. 569

It is error to withdraw the consideration of a case from the jury if there is any evidence legally sufficient to support the plaintiff's contention.    p. 570

*Decided June 26th, 1917.*

Appeal from the Circuit Court for Baltimore County. (HARLAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER and STOCKBRIDGE, JJ.

*James E. Tippett* (with whom was *Geo. L. Mattingly* on the brief), for the appellant.

*T. Scott Offutt* (with whom was *George Hartman* and *George G. Wheeler* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought this suit against the defendant, in the Circuit Court for Baltimore County, to recover an alleged balance due on a building contract, dated the 22nd day of June, 1916.

The plaintiff's declaration states the cause of action as follows: For that the defendant by his contract under seal bearing date May 17th, 1906, covenanted and agreed to pay the plaintiff the sum of thirty-six hundred dollars for the erection and completion of a certain frame dwelling house in the village of Towson, Baltimore County, State of Maryland, that the plaintiff erected said house according to the terms of said contract and that there is due and owing to the plaintiff under said contract the sum of one hundred and ninety-seven dollars and sixty cents, as per statement herewith filed, which sum the defendant refuses to pay.

The building contract was filed with the declaration and is set out in the record. With the declaration and contract the following account was filed:

"George F. Wheeler,          To
                    Marion H. Merryman.          Dr.
To amount due on contract for erection of
    house on Penna. Ave., Towson ........... $3,600.00
By cash on account as per contract ........  3,340.00
                                            ----------
Sept. 5th, 1906, balance due ............    $260.00
To int. on $260.00 for eight and one-half
    years, $132 60; Aug., 1915, received int.
    $132.60 and received on account of prin-
    cipal. . . . . . . . . . . . . . . . . . . . . . . . . . .     62.40
                                            ----------
                                             $197.60."

The defendant it appears demurred to the declaration. This demurrer was overruled and the declaration held to be good, upon the theory that the suit was one in assumpsit and not upon a sealed contract. Thereupon, the defendant pleaded: first, that he never was indebted as alleged; second, that

he did not promise as alleged; third, payment; and fourth, that the plaintiff is indebted to the defendant in the sum of $630.00 with interest, in liquidated damages, at $10 per day for sixty-three days, for violation of Article Six of the contract declared on by failure to complete and carry out said contract by August 17th, 1906, the date named therein, the defendant being inconvenienced by said delay until October 20th, 1906, which amount the defendant is willing to set off against the plaintiff's claim.

The plaintiff's demurrer to the defendant's first, second and fourth pleas, was overruled, and thereupon, the docket entries show, that issue was joined upon all four pleas, and the case was submitted to the Court for trial.

At the conclusion of the evidence on the part of the plaintiff the Court granted a prayer directing a verdict for the defendant upon the ground that, under the pleadings and the evidence, the plaintiff was not entitled to recover, and the verdict must be for the defendant.

The action of the Court, in its ruling upon this prayer, constitutes the only exception, brought up by the record.

A judgment on the verdict in favor of the defendant for costs was entered on the 13th of November, 1916, and from that judgment this appeal has been taken.

While the declaration filed in the case is somewhat loosely drawn and is wanting in that clearness of statement which is required by the rules of good pleading, we think its averments are sufficient to entitle it to be sustained as a good declaration in an action of debt upon a specialty.

The declaration avers and declares upon a contract under seal bearing date the 17th of May, 1906, and alleges that the defendant covenanted and agreed to pay the plaintiff a certain and fixed sum for the erection and completion of a dwelling house; that the house was erected according to the terms of the contract, and there was due and owing under the contract the sum of $197.60/100 according to a statement filed with the declaration, and that the defendant refuses to pay the sum due the plaintiff.

The suit is, therefore, upon a contract under seal to recover in debt upon a specialty, and where the amount claimed to be due is specially stated in the declaration to be due and owing according to the terms of this contract. The contract and an account showing the plaintiff's claim is filed with the declaration and made a part thereof.

The general rules as to the proper and essential averments to make a good declaration and to constitute a ground of action, under our various forms and system of legal pleading, will be found set out in Article 75, page 1623 of the Code, and the cases there cited.

It is clear, under the averments of the declaration, in this case, it can not be treated as a good declaration, either in assumpsit or in covenant.

It is well settled that assumpsit is not sustainable upon a specialty and covenant will not lie or be supported when the payments are all due and payable as in the present case. 1 *Chitty's Pleading,* 118, 129, 388, 376, 385; *Fisher's Essentials of Pleading,* 122, 124; 1 *Poe's Pleading and Practice,* 145, 146, 139; *Booth* v. *Hall,* 6 Md. 4; *Waldeck Co.* v. *Emmart,* 127 Md. 474.

The suit and declaration in the case being in debt on a specialty, the defendant's first two pleas were improper pleas. The general issue plea in this form of action is *non est factum,* and if other defenses are relied on they must be specially pleaded. 1 *Poe on Pleading,* 625; *Fisher's Essentials of Pleading,* 55, 56; 1 *Chitty on Pleading,* 510, 511; *Waldeck Co.* v. *Emmart,* 127 Md. 476.

The defendant's third and fourth special pleas of payment and set-off were good and proper pleas, and if sustained by proof would have been a full and sufficient defense and answer to the plaintiff's claim. *Steele* v. *Sellman,* 79 Md. 1; 1 *Poe's Pleading,* 626, 651, 614; 1 *Chitty on Pleading,* 595, 511; *Code P. G. L.,* Art. 75, sec. 12.

The action of the Court in overruling the plaintiff's demurrer to the defendant's first and second pleas was there-

fore error, because they were the ordinary general issue pleas in assumpsit, and not proper pleas in debt on a specialty.

The case appears to have been tried upon joinder of issue on the third and fourth pleas, and these were good pleas, and it is not clear that the plaintiff suffered any injury by the ruling of the Court on the pleadings, and we should hesitate to reverse the judgment for the defective pleading if this was the only error in the rulings of the Court below disclosed by the record. *McCart v. Regester,* 68 Md. 429; *Chappell v. Real Estate Co.,* 89 Md. 263; *Charles Co.* v. *Mandanyohl,* 93 Md. 150.

There was error in the ruling of the Court in granting the defendant's prayer withdrawing the case from the jury at the conclusion of the plaintiff's testimony, because the evidence as disclosed by the record was legally sufficient to have taken the case to the jury, and it should have been submitted for their consideration, and not decided by the Court. *Burke* v. *Baltimore,* 127 Md. 555; *Baltimore Elevator Co.* v. *Neal.* 65 Md. 438.

The plaintiff testified in substance that he was a contractor and a builder, and that he had been employed by the defendant to build a house for him in Towson, Baltimore County; that it had been completed and was now occupied by the defendant. That at the time the house was completed there was a balance due on the contract price of $360, and the whole of this amount had not been paid. He then testified as to a conversation with the defendant about fifteen months prior to the suit as to the indebtedness and the balance due on the contract, as follows: "When Mr. Wheeler came down to my house my daughter was sitting in the room. Mr. Wheeler said: 'Mr. Merryman, about the balance due you you are mistaken, as it is only $260.00; that is all that I owe you, but I can not pay all that now, but I will pay it along as I can; I have one of my sons working in Baltimore now, and he is willing to help me out.' I told him that that was all right, and asked him how much he could give me and when the payments would be made. He told me that he

would make a payment the coming week. He made that payment, and he made payments along at different times until he had paid one hundred and ninety-five dollars, and then he stopped. He ran along for a long time, and I didn't know why he didn't pay me. I sent him a statement, and then he called to see me and said: 'Mr. Merryman, I have paid you all the money that I am going to pay you.' Then I said to him that that was not right; that I had waited nine years for this money; that I needed the money to keep my children in school; that I had waited nine years for the money, and if he did not pay me I was going to make him pay me."

He further testified that he had received and had been paid for all the work on the house except the $360, less the credit of $195.

Miss Merryman, the plaintiff's daughter, testified that she knew the defendant; that she was present and heard the conversation and interview between her father and the defendant at the father's house relative to the amount of money due, and stated that the conversation was as follows: "Q. Did you hear what Mr. Wheeler said at the interview about owing Mr. Merryman any money? A. Yes, sir. Q. State what was said? A. Father said that he owed him $360.00, and he admitted that he owed him $260.00. Q. Mr. Wheeler said that he owed your father only $260.00? A. Yes, sir. Q. Did you hear him say that? A. Yes, sir; and his son was present at that interview too. Q. Whose son? A. Mr. Wheeler's son. Q. Was any payment made at that time to your knowledge, the time of the interview? A. None that I know of."

Upon this state of facts, without a further discussion of the testimony, we think the case was one, upon the authorities, for the consideration of the jury, and the instruction of the Court below was clearly erroneous.

For the reasons stated and for the errors indicated the judgment must be reversed and a new trial will be awarded.

*Judgment reversed and new trial awarded,*
*with costs to the appellant.*