## CAMP vs. WALLACE.

1. The time for answering to an action at law, where the defendant has been duly served with petition and process, is on or before the last day of the term to which the process was returnable. Code, §3452. No extension of the time results from mere failure to enter default on the docket. If further time be given by a general order of the court, passed on the last day of the term, and the privilege of answering is not exercised within the time so given, the court is not obliged to take notice of an answer filed in the clerk's office during vacation after such time has expired, unless attention is specially called thereto, or some note thereof made on the docket, before final judgment. An answer thus out of time should be ordered off the files, rather than that the judgment should be declared a nullity after its rendition, for no reason except that the answer was in the clerk's office, and presented an issue for trial by jury.

2. To file a defense in terms of the law, is to lodge it at the place appointed within the time prescribed. The power of the superior court, conferred by the constitution of 1868, to render judgment without a verdict of the jury in a civil case founded on contract, where no issuable defense was filed on oath, was exercisible, unless such defense was *duly* filed ; undue filing being as ineffectual to deprive

the court of jurisdiction as no filing. The judgment reciting that the defense was not filed, the recital is not satisfied by showing from the record, or otherwise, that a sworn issuable plea was in fact filed in the clerk's office during vacation, a few days before the term at which the judgment was rendered, the regular trial term of the case.

Practice in the Superior Courts. Judgments. Pleadings. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

An execution in favor of Wallace against Willis, was levied upon certain personalty as the property of the defendant, to which a claim was interposed by Camp. The main question made upon the trial was as to the validity of the judgment upon which the execution was based, the claimant attacking it upon the ground that it was rendered by the court when an issuable defense upon oath had been filed. As to this point the facts disclosed by the evidence were as follows:

Wallace brought complaint against Willis to the October term, 1875. This term was finally adjourned on February 17, 1876, an order having previously been entered on the minutes, that all defendants should have thirty days from adjournment within which to file defenses. On March 27 thereafter, defendant filed the plea of payment under oath. The next term convened on the third of April, and on the next day judgment was rendered by the court as though the case was in default. The docket showed no entry of "plea filed" or of "default." About the time of the levy, November 22d, 1876, the defendant, Willis, employed counsel to move to set the judgment aside upon the ground above stated. The motion was made, but was soon thereafter withdrawn under instructions from Willis. Claimant then employed counsel to renew the motion. Upon this the court ruled that as claimant was not a party to the original suit, he could not make the motion, it not appearing that defendant was dissatisfied with the judgment.

Under instructions from the court, the jury found the

4roperty levied on subject. The claimant moved for a new trial upon the following grounds, to-wit :

1. Because the court erred in the following charge : " If Willis filed a defense on oath to the original action, in the clerk's office, in vacation, and afterwards, in term time, when Willis' attorney had not marked his' name on the docket, the court rendered a judgment reciting on its face that there was no issuable plea filed on òath, the legal effect would be that the plea had been withdrawn, or was not then insisted on, and such judgment would be valid until for some sufficient cause set aside, and would be a lien on the property in dispute."

2. Because the court erred in refusing to charge as follows : " If there was a plea filed on oath by Willis, before and at the time of rendering the judgment, then the judg-ment would be no lien upon the property levied upon, and you will not find the property subject."

3. Because the court erred in charging as follows : " If Willis made a motion to set aside the judgment, and after-wards withdrew it, the legal presumption would be that he did so because he ought not to have succeeded in that motion. This presumption would remain until overcome by proof."

The motion was overruled and the claimant excepted.

Mynatt & Howell, for plaintiff in error, cited 46 *Ga.*, 398; 59 *Ib.*, 492; 55 *Ib.*, 475; 35 *Ib.*, 601; 9 *Ib.*, 130; 11 *Ib.*, 453; 32 *Ib.*, 653; 34 *Ib.*, 256; 13 *Ib.*, 44; 31 *Ib.*, 335; Code, §§3596, 3828, 3594, 5091, 249, 3457.

Collier & Collier; B. F. Abbott, for defendant, cited Code, §§3596, 3452; 13 *Ga.*, 44; 31 *Ib.*, 335.

Bleckley, Justice.

No defense was filed until after the appearance term, and even after the thirty days had expired which the court, by general order, had given in addition to that term. This

being so, it was at the peril of the defendant to bring the plea to the notice of the court, and not let it be concealed in the clerk's office. It was out of time—not duly filed, and therefore the same as if not filed at all. Rather than treat the judgment as vitiated by it, the plea should be ordered off the files, and put where it can do no harm.

Judgment affirmed.