## CAMP v. PHILLIPS.

A case not answered to at the first term is in default, and the default is not opened by filing a plea at the trial term and entering the name of counsel on the docket. Where judgment in a suit on an unconditional contract in writing has been rendered at the trial term, it is not sound practice to open the default at the next term and set the judgment aside, where no cause whatever is shown for not moving at the trial term to open the default.

February 1, 1892.

Practice. Judgment. Before Judge JANES. Polk superior court. February adjourned term, 1891.

Reported in the decision.

TURNER & GROSS, for plaintiff in error.

BLANCE & NOYES, contra.

SIMMONS, Justice.

Camp, the plaintiff. in error, was sued by Mrs. Phillips at the February term, 1890, of Polk superior court, upon an unconditional contract in writing. He did not answer the case at the return term, nor file any plea thereto, nor was there any additional time given him by the court in which to file his plea. It was his duty under the law to file it at the first term; and not having done this, nor answered, he was in default, and had no right at the next or trial term to file any plea without first moving the court to open the default. The plea he filed at the trial term and the entry of his counsel's names on the docket on the first day of that term, not having opened the default, amounted to nothing in the way of a defence. The only way in which he could legally have filed his plea at that term was to have first moved the court to open the default and obtained a judgment allowing it opened. Having failed to do this, he had no right to file a plea at that term, and the court did right in entering judgment against him. If he had applied to the court at that term to open the default, the court doubtless would have granted his application. In-

stead, however, of applying at that term, he waited until the third term, and then moved the court to set aside the judgment entered against him at the preceding term, and allow him to plead to the merits of the case. The court seems to have granted this application without any notice to the opposite party and without any cause being shown which would authorize him to do so. This, in our opinion, was very unsound practice, and if it should prevail in the courts generally, would work a great deal of hardship upon plaintiffs. Under the legitimate practice in the courts they are already at great disadvantage. When a plaintiff brings his suit he is required to set out his cause of action plainly, fully and distinctly, so as to put the defendant upon full notice of the complaint against him; and all the defendant has to do at the first term of the court is to file a general denial of the plaintiff's cause of action. At the trial term he is allowed to amend this general plea, and may set up entirely new and distinct defences of which the plaintiff has had no notice and which he is unprepared to meet, and which may necessitate his continuing the case in order to obtain testimony to meet them. It would amount to a travesty of justice if, in addition to this, a defendant who had omitted to file any plea at the first or the second term, and had suffered judgment to be rendered against him by default, should be allowed to wait until a succeeding term and then obtain an order setting aside the judgment, opening up his default and permitting him to file his pleas, with the result perhaps of forcing the plaintiff to continue to still another term on account of some special defence.

The court was right, therefore, upon the application of the plaintiff, in revoking its order by which the plaintiff's judgment had been set aside and the default opened, no cause whatever having been shown by the defendant for failing to move to open the default at the trial term of the case. *Judgment affirmed.*