## 2593.  BUSH v. BUTLER, STEVENS & COMPANY.

Where the statute allows the defendant in an action at law to appear and answer on or before the first day of the term to which the process is returnable, he can not be treated as in default before the expiration of that day; and where, in compliance with the statute, the defendant does on that day appear and file a defense with the clerk of the court, a default entry in the case is premature.
DECIDED OCTOBER 14, 1910.

Complaint; from city court of Miller county—Judge Stapleton. March 14, 1910.

*R. W. Grow,* for plaintiff in error.

*W. I. Geer, Travis & Travis,* contra.

HILL, C. J.  Butler, Stevens & Company brought suit on an open account against J. S. Bush, returnable to the September term, 1909, of the city court of Miller county.  Process was served upon the defendant, directing him to be and appear at the September term of the court, which convened on September 13.  On the first day of the appearance term the presiding judge called the appearance docket and entered the case as in default; and on the same day the defendant filed with the clerk of the court an answer, which was marked filed by the clerk.  The September term lasted for four days, and no action was taken to have the default entry opened.  At the trial term the defendant orally and in writing moved the court to open the default entry, alleging in his motion that he had duly filed his plea on the first day of the appearance term, which was a strict compliance with the letter and spirit of the law, and that the default judgment entered by the presiding judge on that day was erroneous, because that day had not been previously fixed by the judge of said court for the call of the ap-

pearance docket, nor was that day the last day of the appearance term. The court overruled the motion and refused to open the default. Error is assigned on this judgment.

The act creating the city court of Miller county provides that in all matters pertaining to service and pleading and practice and other legal procedure, the law governing in the superior court shall be applicable to said city court. Acts 1908, p. 180, § 11. Under the law the defendant was entitled to file his answer or plea to the suit on or before the first day of the appearance term; and the process served upon him notified him to appear and answer or plead to the merits of the case on or before the first day of the appearance term, which was the 13th day of September, 1909. It is conceded that on that day the defendant did appear and did file a defense with the clerk of the court. In other words, a defense was duly filed, in terms of the law, with the clerk and at the place appointed and within the time prescribed. The law recognizes no fraction of a day except for the purpose of preventing injustice. *Peebles* v. *Charleston & Western Carolina Ry. Co.,* 7 *Ga. App.* 279 (66 S. E. 953). Therefore, the defendant had until the end of the first day of the appearance term in which to file his defense or plea to the suit, and the case was not in default until the expiration of that day. *Camp* v. *Wallace,* 61 *Ga.* 497 (1). It follows that the entry of default by the judge was premature. Especially is this true where it does not appear that the judge had designated the first day of the appearance term to call the appearance docket. Indeed, the practice of designating the first day of the appearance term for the call of the appearance docket would be a hardship on parties, and would be inconsistent with the statute which allows defenses to be filed on or before the first day of the appearance term.

It is insisted by the learned counsel for the defendant in error that the mere filing of the plea or answer on the first day of the appearance term did not of itself operate to set aside the entry of default; that the attention of the court should have been called thereto, and a motion made during the term to open the default; and he relies upon the case of *Camp* v. *Phillips,* 88 *Ga.* 415 (14 S. E. 580). That case is not in point, for there the suit was not answered at the first term, and was marked in default, and the plea was not filed until the trial term. The Supreme Court said:

"It was his duty under the law to file it at the first term; and not having done this, nor answered, he was in default, and had no right at the next or trial term to file any plea without first moving the court to open the default." In the present case the defendant did file his answer on the first day of the appearance term, and the case was not in default; and while the better practice would have been to call the attention of the court to the fact that the default had been prematurely entered, yet a failure by the defendant to do this did not deprive him of the right to insist upon the plea and answer which he had filed in terms of the statute. In other words, he was not called upon to move the court to open the default, when that default had been prematurely and improvidently entered by the court. Even if what we have said did not fully decide the case and make a reversal necessary, we think that the judge, at the trial term, when the motion to open the default was made, should have granted the motion. It is stated by the judge, in a marginal note to the assignment of error in the bill of exceptions, that "the defendant did not offer to plead instanter, nor to show any providential hindrance or excusable neglect why he did not file plea before entry of default." But the defendant had already filed his plea at the appearance term, on the first day of the appearance term, in terms of the statute, and, therefore, there was no negligence for which he needed to be excused. When it appeared to the court that the case had been duly answered under oath by the defendant, by lodging with the clerk of the court an answer in due form of law, setting forth a valid defense, and that this answer had been filed by the clerk during the first day of the appearance term, it was an abuse of discretion for the court to refuse to open up the default, not for the purpose of permitting a plea or answer to be made, but for the purpose of permitting the defendant to make the defense which he had filed in terms of the statute, and which he was entitled to have determined by the court. *Judgment reversed.*