MOORE, RESPONDENT, *v.* BUTTE ELECTRIC RAILWAY CO.
ET AL., APPELLANTS.

(No. 3,235.)

(Submitted March 20, 1913.   Decided April 5, 1913.)

[131 Pac. 635.]

*New Trial—Notice of Motion—"Upon Minutes of Cause"—*
*Sufficiency—Mode of Procedure—Appeal and Error—Review*
*—Presumptions.*

New Trial—Notice of Motion—"Upon Minutes of Cause"—Sufficiency.
  1.   A notice of intention to move for a new trial was not rendered
  abortive by the statement that the motion would be based "upon the
  minutes of said cause," instead of "upon the minutes of the court,"
  the statutory language (Rev. Codes, sec. 6795), the former phrase, so
  far as imparting the information intended by the section to be given
  to the opposing party is concerned, being substantially equivalent to
  the latter.

Same—Motion—Mode of Procedure.
  2.   One intending to move for a new trial upon any ground other
  than those mentioned in the first four subdivisions of section 6794,
  Revised Codes, may, under section 6795, do so either upon the minutes
  of the court or a bill of exceptions; if he have several grounds, he may
  select one method for one ground of his motion, and another for the
  remaining ground or grounds.

Same—Review—Presumptions.
  3.   Plaintiff's notice of intention to move for a new trial specified seven
  grounds, among them insufficiency of the evidence and that the ver-
  dict was against law, and stated that the motion would be based, *inter
  alia,* upon the minutes of the court.   While the record on appeal dis-
  closed the methods pursued in presenting the other grounds, it was
  silent as to the course pursued in relation to the two mentioned above,
  both of which are properly reviewable upon the minutes.   *Held,* that
  it being the duty of appellant to show error in the court in granting
  the motion, and no error having been made apparent in other respects,
  it will be presumed that the order, so far as relates to the two grounds
  specified *supra,* was based upon the minutes.

*Appeal from District Court, Silver Bow County; Jeremiah J.*
*Lynch, Judge.*

ACTION by Patrick J. Moore against the Butte Electric Rail-
way Company and another.   From an order granting plaintiff
a new trial, defendants appeal.   Affirmed.

*Messrs. George F. Shelton, Peter Breen, Fred J. Furman,* and
*A. J. Verheyen,* for Appellants, submitted a brief as well as one

in reply to that of Respondent; *Messrs. Breen* and *Furman* argued the cause orally.

*Messrs. McCaffery & Tyler,* and *Mr. B. K. Wheeler,* for Respondent, submitted a brief; *Mr. Jos. J. McCaffery* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

In this action the verdict of the jury and judgment thereon were for the defendants. Thereafter the plaintiff filed his notice of intention to move for new trial, and later his motion was heard and granted. This appeal is from the order of the district court granting said motion.

The notice of intention to move for a new trial specifies seven grounds, to-wit, irregularities in the proceedings by which plaintiff was prevented from having a fair and impartial trial, misconduct of the jury, accident and surprise, newly discovered evidence, insufficiency of the evidence to justify the verdict, that the verdict is against the law, and errors of law. The notice recites: "This motion for a new trial will be based upon a bill of exceptions to be hereinafter prepared and served upon you, and upon the pleadings, papers, minutes, files, and records of said cause, and upon affidavits to be hereinafter served." The transcript on appeal, as filed in this court, does not pretend to be a complete record of the proceedings below, and it does not contain anything to put the trial court in error in granting the motion for new trial, if the motion was, or could have been, presented "upon the minutes of the court."

As we understand the appellants' contention, it is that the motion for new trial could not have been presented upon the minutes of the court for two reasons: (1) The notice of intention [1] does not state that the motion will be made upon the minutes of the court; that the word "minutes" in the notice does not mean "minutes of said cause," and that "minutes of said cause" is not "minutes of the court"; and (2) that as to the ground, errors of law, the plaintiff having elected to cover this in a bill of exceptions, "he could not under any circumstances

move for a new trial upon the minutes of the court." This is entirely too technical. The word "minutes" is used in the notice in obvious connection with the phrase "of said cause," and means "minutes of said cause." The term "minutes of the court," as used in the statute, means, of course, the minutes of the court in the particular cause, and contemplates that, "upon a motion for a new trial made upon the minutes of the court, the trial court may take into consideration all the pleadings, records, minute entries and the evidence offered at the trial, and, from the entire case thus presented, determine the motion" (*State ex rel. Cohn* v. *District Court,* 38 Mont. 119, 125, 99 Pac. 139) ; the phrase, "pleadings, papers, minutes, files and records of said cause," as used in the notice, can mean nothing else than the minutes of the court, as above defined. So that, although the notice of intention before us illustrates an unhappy tendency to depart from the statutory language, which, in matters of this kind, is much to be preferred, yet it gave the same information that the statute intends should be given, and it was, as to all purposes now considered, substantially equivalent.

The second criticism is founded upon the following language of the statute: "For any other cause it may be made, at the [2] option of the moving party, either upon the minutes of the court or upon a bill of exceptions." (Sec. 6795, Rev. Codes.) This is supposed by appellants to mean, not only that if a party move for a new trial for errors of law he must do so upon either the minutes of the court or a bill of exceptions, and not upon both, but also that if he have two grounds, such as errors of law and insufficiency of the evidence, he may not choose one method for the first and the other for the second. That construction is erroneous, as this court has indicated on several occasions. (*Gamer* v. *Glenn,* 8 Mont. 371, 20 Pac. 654; *Sanden* v. *Northern Pac. Ry. Co.,* 39 Mont. 209, 102 Pac. 145; *Cummings* v. *Reins Copper Co.,* 40 Mont. 599, 107 Pac. 904.)

The record here discloses that on his motion for new trial the plaintiff presented affidavits in support of his claims of [3] misconduct of the jury and newly discovered evidence, and that as to irregularities and certain errors of law he presented

a bill of exceptions; but as to the ground of insufficiency of the evidence, and that the verdict is against the law—grounds of motion reviewable upon the minutes of the court—we are not advised what the course of proceeding was. The situation is thus precisely similar to that in *Sanden* v. *Northern Pacific Ry. Co., supra,* in which this court said: "The district court has general jurisdiction to grant new trials, and the action of that court is presumed to be regular. * * * Under the law relating to motions for new trials in force at the date of the proceedings, such motion could be made and granted on the minutes of the court. * * * As the notice of intention to move for a new trial recited that the motion would be made on the minutes of the court, and there is nothing to indicate that the order was not based upon the minutes, we cannot say that the court acted entirely upon the bill of exceptions. It may be that the bill was not considered by the district court, but that the order was based entirely on what was disclosed by the minutes. * * * The burden is on the appellant to show that the district court was not warranted in granting the motion for a new trial, either on the bill of exceptions or the minutes of the court. * * * "

No useful purpose would be served by determining whether any of the particular matters set forth in the transcript was sufficient to justify the action of the trial court; for, the appellant having failed to show that it was unwarranted, the order granting plaintiff's motion for new trial must be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.