SELL, APPELLANT, v. SELL, RESPONDENT.

(No. 4,519.)

(Submitted September 15, 1920. Decided October 4, 1920.)

[193 Pac. 561.]

*Divorce—Pleading and Practice—Unwarranted Judgment—
Answer — New Matter — General Denial — Evidence — Ad-
missibility—Common Law—New Trial—Affidavits—Failure
to File in Time—Proper Denial of Motion—What is not
"Default."*

Default Judgment—What Does not Constitute.
    1.  Where, after issues were joined in a divorce proceeding, the
plaintiff failed to appear at the time set for trial, her counsel,
however, being present and participating in it, an order direct-
ing that her default be entered amounted to no more than a
declaration that she had failed to be personally present, and
did not constitute a "default" within the meaning of section
6719, necessitating a motion to set it aside, and, such a motion
having been made, an order denying it could not adversely
affect any substantial right of plaintiff and therefore was not
an appealable error. ·

Divorce—Dismissal or Nonsuit — When Proper — Affirmative Relief to
Defendant—When Unwarranted.
    2.  The failure of the plaintiff in a suit for divorce to be present at
the trial or offer any evidence in support of the allegations of her
complaint which were put in issue by the' answer constituted
an abandonment of her cause and authorized the court to
render a judgment of dismissal or nonsuit, but, in the absence
of a counterclaim, or new matter in the answer constituting a
defense warranting it, it could not grant affirmative relief to
defendant.

    [As to voluntary dismissal of bill for divorce, see note in
Ann. Cas. 1917A, 1197.]

Pleading—Answer—New Matter.
    3.  If the facts stated in the answer can be .proved under a
denial of the allegations of the complaint, they do not consti-
tute new matter.

Same—General Denial—Evidence Admissible.
    4.  Under a general denial of the allegations of the complaint,
the defendant may introduce any evidence which goes to con-
trovert the facts, establishment of which is indispensable to his
cause of action.

Divorce—Complaint—Necessary Allegation.
    5.  An allegation in plaintiff's complaint in an action for
divorce that at the time of its commencement the parties were
husband and wife was indispensable to a statement of a cause
of action.

Same—Judgment of Nonmarriage—When Improper.

6. *Held,* that since it was necessary for plaintiff in her action for divorce to allege and prove the existence of the marriage, evidence that the parties were never married was admissible under defendant's denial of such allegation, and that therefore his subsequent affirmative allegation of nonmarriage did not constitute new matter upon which he could be granted affirmative relief to the effect that the parties never sustained the relation of husband and wife.

Same—Common-law Action for Jactitation of Marriage Does not Lie.

7. Power to decree a divorce is statutory, and since ample provision is made by the Codes for the protection of the marital relation, including an action to establish marriage when either party denies its existence, an action under common-law procedure for jactitation of marriage under which a party wrongfully claiming that a marriage exists may be enjoined from so proclaiming to others, does not obtain in Montana.

## ON MOTION FOR REHEARING.

New Trial—Order of Denial to be Sustained if Possible.

8. Where an order denying a motion for new trial is general in terms, it must be sustained, if it can be upon any legitimate ground.

Same—Statutory Provisions to be Complied With.

9. A party moving for a new trial may, under section 6795, Revised Codes, in the same motion, present some of the causes designated in section 6794, and relied upon, by affidavit, others by bill of exception and still others upon the minutes of the court, but irrespective of the mode selected, the movant must pursue the statute in all substantial particulars.

Same—Failure to File Affidavits in Time—Proper Denial of Motion.

10. *Held,* that since the purpose sought to be subserved by Chapter 41, Laws of 1907, amending prior statutes relating to new trial proceedings, was to avoid delays, by providing the means for a hearing upon the motion immediately after notice of intention is given, the movant may not designate the minutes of the court and affidavits thereafter to be prepared as the moving papers, then secure an extension of time in which to prepare them, afterward abandon the affidavits by failing to prepare them within the time allowed, and then insist that the motion should be heard on the minutes of the court.

*Appeal from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION for divorce by Hattie Sell against Herman Sell. From orders refusing to set aside plaintiff's default and denying her motion for new trial, and from a judgment rendered for defendant, plaintiff appeals. Orders affirmed and cause remanded, with directions to set aside the judgment and enter one of dismissal or nonsuit in lieu thereof.

*Mr. A. H. McConnell* and *Mr. Chas. E. Pew,* for Appellant, submitted a brief, and one in reply to that of Respondent; *Mr. Pew* argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondent; *Mr. H. L. De Kalb* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action for divorce was instituted by Hattie Sell in January, 1913. Issues were joined and the cause was tried during the same year, resulting in a decree in favor of the plaintiff; but thereafter, by stipulation of the parties, the decree was set aside and a new trial granted. On November 14, 1918, the cause was set for trial for November 29, at 10 o'clock A. M., but, when that hour arrived, the plaintiff was not personally present in court, and a continuance was granted until 2 o'clock P. M., at which time, the plaintiff having failed to appear personally, the court ordered her default entered, heard the testimony offered by the defendant, and thereafter rendered judgment to the effect that plaintiff and defendant had not at any time "sustained the relation one to the other of husband and wife." Plaintiff has appealed from an order refusing to set aside the default, from an order denying her a new trial, and from the judgment.

(1) Whatever may be said of the propriety of the court's order [1] entered on November 29, 1918, it did not affect adversely any substantial right of the plaintiff. Her attorney was present and participated in the trial by examining the defendant's witnesses, and otherwise. In legal effect, the order amounted to nothing more than a declaration that the plaintiff had failed to be personally present at 'the time of trial, and in that sense the term "default" is not infrequently used. (*Leahy* v. *Wayne Circuit Judge,* 144 Mich. 304, 115 Am. St. Rep. 443, 107 N. W. 1060.) It is elementary that a judgment by default cannot be entered against a party so long as he has

an appropriate pleading on file in the case (sec. 6719, Rev. Codes), and the judgment rendered in this cause does not purport to be, and is not in fact, a judgment by default. It was unnecessary for plaintiff to move to have the default set aside. No useful purpose would have been served if the motion had been granted, and its denial does not constitute error.

(2) The trial court did not err in refusing plaintiff's motion for a new trial. The bill of exceptions was not prepared within the time allowed by law or the order of the court. (*Wright* v. *Matthews*, 28 Mont. 442, 72 Pac. 820; *Canning* v. *Fried*, 48 Mont. 560, 139 Pac. 448.)

(3) The appeal from the judgment presents the question: [2] Was the trial court authorized to render and have entered a judgment which assumes to determine that plaintiff and defendant were never married? The material allegations of the complaint were put in issue by the answer, and the burden was thereby imposed upon the plaintiff to produce evidence in support of her cause of action. Her failure to be present at the trial or to offer any evidence in behalf of the allegations in her complaint which were traversed by the answer constituted, in effect, an abandonment of her cause and authorized the court to render a judgment of dismissal or nonsuit (sec. 6714, Rev. Codes); but the court was not authorized to proceed further unless the answer contained a counterclaim or new matter constituting a defense which would warrant affirmative relief in defendant's behalf. (*Keator* v. *Glaspie*, 44 Minn. 448, 47 N. W. 52; *Diment* v. *Bloom*, 67 Minn. 111, 69 N. W. 700; 2 Thompson on Trials, 2d ed., sec. 2229.)

The answer does not assume to state a counterclaim. [3–6] Defendant does not set forth any cause for divorce or pray for a dissolution of the marriage; on the contrary, he denies the existence of the marriage. The only portion of the answer which it is contended sets forth new matter within the contemplation of our statute is found in paragraph 1 of defendant's further and separate answer, and is

as follows: "That this answering defendant is not now, and never was, married to the plaintiff in this said action." In *Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189, this court was called upon to determine the meaning of the term "new matter" as used in our Practice Act, and held that, if the facts stated in the answer can be proved under a denial of the allegations of the complaint, they do not constitute new matter. Of the correctness of that conclusion we entertain no doubt whatever. The allegation in the complaint that at the time this action was commenced, plaintiff and defendant were husband and wife, was indispensable to the statement of a cause of action for divorce. (9 R. C. L. 417.) That allegation was denied in the first paragraph of the answer, and the denial imposed upon the plaintiff the burden of proving the fact by a preponderance of the evidence. (9 R. C. L. 433; 19 Corpus Juris, 124; section 8028, Rev. Codes.) In the *Conley Case,* above, we held further that "Under a general denial of the allegations of the complaint the defendant may introduce any evidence which goes to controvert the facts which the plaintiff is bound to establish to sustain his action." It follows that, since it was necessary for plaintiff to allege and prove the existence of the marriage, evidence that the parties were never married was admissible under the denial in the answer, and that the affirmative allegation of nonmarriage does not constitute new matter upon which defendant can be granted affirmative relief.

It is urged by counsel for respondent that the allegation [7] of nonmarriage as a ground for affirmative relief is warranted by the course of procedure at common law and is in the nature of a cross-bill setting forth the grounds of complaint in an action for jactitation of marriage. Anciently, at common law, where one person, not being married to another, pretended that a marriage existed between them and proclaimed it to others, the person against whom the claim was made, upon due proof, was entitled to a decree enjoining the offender from the false boasting. Cases of that char-

acter arose occasionally in England, but they were peculiarly within the cognizance of the ecclesiastical courts. (Blackstone, 93). The action, however, fell into disrepute in 1776, when the House of Lords in the *Duchess of Kingstone's Case* (20 How. St. Tr. 543) decided that the final decree was not conclusive of the fact of nonmarriage. In this jurisdiction the power to decree a divorce is purely statutory. (*Rumping* v. *Rumping,* 36 Mont. 39, 12 Ann. Cas. 1090, 12 L. R. A. (n. s.) 1197, 91 Pac. 1057.) Ample provision is apparently made by our Codes for the protection of the marital relation, and the significant fact that an action is authorized to establish marriage whenever either party to it denies the existence of the relationship (sec. 3634, Rev. Codes), tends to negative the existence of the right which is now sought to be asserted. We think it can be said in all fairness that the right of action for jactitation of marriage has never been recognized as warranted by the common law as it was introduced in and adopted by this country. (19 Am. & Eng. Ency. of Law, 1217.)

The order overruling plaintiff's motion to set aside the default is affirmed, as is the order denying a new trial. The cause is remanded to the district court, with directions to set aside the decree entered herein and in lieu thereof to render and have entered a judgment for dismissal or nonsuit and for defendant's costs. Each party will pay his costs of these appeals.

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and COOPER concur.

MR. JUSTICE MATTHEWS, deeming himself disqualified, takes no part in the foregoing decision.

## ON MOTION FOR REHEARING.

### (Decided November 29, 1920.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In the original opinion heretofore promulgated, this court by inadvertence made the statement: "The bill of exceptions was not prepared within the time allowed by law or the order of the court." There was not any bill of exceptions whatever before the court at the time the motion for a new trial was submitted. The statement should have been: "The affidavit in support of the motion for a new trial was not prepared within the time allowed by law or the order of the court."

The record discloses that the notice of intention designated, as the moving papers, the minutes of the court and affidavits thereafter to be prepared; that upon application the court granted an extension of time for the preparation, service and filing of the affidavits; that the period as thus extended, expired on February 2; that it was not until April 28 that plaintiff's affidavit—the only one offered in support of the motion—was served or filed; that the motion for a new trial was not submitted to the court until May 29; and that timely objection was made to the consideration of the affidavit.

The order denying the motion is general in terms and must [8] be sustained, if it can be upon any legitimate ground. The fair inference from the record is that the trial court disregarded the affidavit because it was not filed in time. Upon this motion for rehearing, counsel insist that, even though the affidavit was not properly before the lower court, the minutes of the court were, and upon them alone a new trial should have been granted. This contention requires brief consideration of the statutes governing new trial proceedings.

Section 6794, Revised Codes, designates the several causes [9] for all or any of which a new trial may be granted.

From 1895 to 1907, a motion for a new trial could be heard only upon affidavits, or a bill of exceptions or statement duly settled and allowed before the motion was submitted (sec. 1172, Code Civ. Proc. 1895). By an Act approved February 26, 1907 (Laws 1907, p. 89), the scope of existing statutes was enlarged and the minutes of the court were designated as among the records and papers upon which a motion for a new trial might be made. Since the date of the amending Act, the statute—now section 6795, Revised Codes—has provided that certain of the causes mentioned in section 6794 must be presented by affidavit, others by affidavit or bill of exceptions, or both, and still others by bill of exceptions or the minutes of the court. Under the construction heretofore placed upon section 6795, the moving party may, in the same motion, present some of the causes by affidavit, others by bill of exceptions, and others upon the minutes of the court (*Moore* v. *Butte Elec. Ry. Co.,* 47 Mont. 214, 131 Pac. 635); but, irrespective of the mode selected, the moving party must pursue the statute in all substantial particulars. (*State ex rel. Stromberg-Mullins Co.* v. *District Court,* 28 Mont. 123, 72 Pac. 412.)

In enacting the amendatory statute of February 26, 1907, [10] the legislature had a distinct purpose in view, *viz.,* to avoid the delays incident to new trial proceedings under prior statutes, by providing the means for a hearing upon the motion *immediately* after the notice of intention is given and when the proceedings, including the evidence, are fresh in the minds of court and counsel. (*State ex rel. Cohn* v. *District Court,* 38 Mont. 119, 99 Pac. 139.) This legislative purpose is emphasized in one of the amendments referred to and now incorporated in section 6797 as follows: "The application for a new trial must be heard at the earliest practicable period after notice of the motion, if the motion is to be heard upon the minutes of the court."

It would defeat the very purpose of the statute to permit the moving party to designate the minutes of the court and

affidavits as the moving papers, secure an extension of time for preparation of the affidavits, afterward abandon them by failing to prepare them within the time allowed, and still insist that the motion should be heard upon the. minutes of the court.

As observed before, the order denying the motion does not indicate the reason for the court's ruling. The evidence should have been disregarded for failure of the moving party to submit the motion within the time contemplated by section 6797. But if these objections be waived, the result would not be different. From a review of the evidence we are unable to find that the court abused its discretion in denying the motion for a new trial.

The inadvertence of this court indicated above does not require a rehearing of the cause, and the motion for a rehearing is accordingly denied.

*Rehearing denied.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and COOPER concur.

MR. JUSTICE MATTHEWS deeming himself disqualified, took no part in the original decision, and therefore takes no part in this.