MUNGER, APPELLANT, v. NELSON, RESPONDENT.

(No. 4,451.)

(Submitted September 19, 1921. Decided October 10, 1921.)

[201 Pac. 286.]

*Default Judgments—Counterclaims—Failure to Reply—Trial— Continuance — Minutes of Court — Presumptions — Bills of Particulars.*

Judgment by Default—Counterclaim—Failure to Reply.
1. A default may be entered for failure of plaintiff to reply to a counterclaim.

Same.
2. Under section 6560, Revised Codes, a reply to a counterclaim must be filed within twenty days after service and filing of the answer; hence where a reply was not filed until nineteen months after the expiration of the twenty-day period and fourteen months after default had been entered, the court did not err in disregarding the belated pleading on motion for judgment on the counterclaim.

"Default"—Failure to Appear—Effect of Entry of Default.
3. Entry of the "default" of a party for failure to appear at the trial of the cause in legal effect amounts to no more than a declaration that he was not personally present.

Trial — Continuance — Minutes — Presumption of Correctness — Conclusiveness.
4. The presumption that the minutes of the court showing that counsel for plaintiff was notified of the continuance of his cause until a certain hour the following day, at which hour defendant offered proof of his counterclaim and was awarded judgment, were correct, *held* not overcome by conflicting affidavits of opposing counsel.

Bill of Particulars—Failure to Furnish—Effect.
5. Failure to furnish a bill of particulars in a cause where a bill may properly be demanded bars the delinquent party from being heard at the trial.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Fred R. Munger against Andrew J. Nelson. Judgment for defendant and plaintiff appeals. Affirmed.

*Mr. Ralph J. Anderson,* for Appellant, submitted a brief and argued the cause orally.

The motion to set aside plaintiff's default for failure to file a reply should have been granted because the proper remedy

when the plaintiff fails to reply is a motion for judgment on the pleadings. (31 Cyc. 607; *Benicia Agricultural Works* v. *Creighton*, 21 Or. 495, 28 Pac. 775, 30 Pac. 676; *Dunham* v. *Travis*, 25 Utah, 65, 69 Pac. 468; 11 Ency. Pl. & Pr. 1035; 6 *Id*. 76.) The motion for judgment on the pleadings should have been denied because the reply of plaintiff was on file at the time of the hearing, and no motion to strike the reply was ever filed or made. A motion for judgment on the pleadings should not be granted, if there is an issue framed by the pleadings and a judgment granted on the pleadings in such a case is error. (*Floyd* v. *Johnson*, 17 Mont. 469, 43 Pac. 631; *Bach, Cory & Co.* v. *Montana etc. Produce Co.*, 15 Mont. 345, 39 Pac. 291.) On the showing made, it was an abuse of judicial discretion on the part of the trial court to refuse to set aside the default. (*Brown* v. *Weinstein*, 40 Mont. 202, 105 Pac. 730; *Pengelly* v. *Peeler*, 39 Mont. 26, 101 Pac. 147; *Jones* v. *Jones*, 37 Mont. 155, 94 Pac. 1056.)

*Messrs. Barker & Cromer*, for Respondent, submitted a brief; *Mr. H. L. De Kalb*, of Counsel, argued the cause orally.

Respondent concedes that the proper procedure, where a plaintiff has failed to file a reply to an affirmative answer, is a motion for judgment on the pleadings, and respondent does not rely on the default entered against the appellant, but does rely upon his motion for judgment on the pleadings. The fact that the default was filed and entered does not deprive respondent of his rights under his motion for judgment on the pleadings. (*Anaconda Copper Min. Co.* v. *Thomas*, 48 Mont. 222, 137 Pac. 380.)

Applying the provisions of sections 6560 and 6562, Revised Codes, to the facts in this case, we have the result that, as the appellant did not file his reply until one year, seven months and twenty days after answer was served and filed, the respondent was entitled to judgment on the pleadings without further proof than the pleadings. (*State* v. *District Court*, 32

Mont. 37, 79 Pac. 546; *State* v. *Quantic,* 37 Mont. 32, 94 Pac. 491; *Anaconda Copper Min. Co.* v. *Thomas,* 48 Mont. 222, 137 Pac. 380.) A motion for judgment on pleadings is a trial. (*State* v. *District Court,* 32 Mont. 37, 79 Pac. 546.) It was too late to file the reply after the case was ready for trial.

An examination of the record discloses that the conduct of this case has been characterized by inexcusable carelessness on the part of appellant; or, if not carelessness, it is an admission that the appellant's case is not *bona fide.* The complaint was filed July 11, 1917. On the same day respondent served on appellant and filed a demand for a bill of items of account. No such bill has ever been furnished to respondent. Therefore, even if the default were set aside and a trial ordered, the appellant would not be permitted to submit any evidence in support of his complaint. (*Martin* v. *Heinze,* 31 Mont. 68, 77 Pac. 427; *Scott* v. *Frost,* 4 Colo. App. 557, 36 Pac. 910.) In *Martin* v. *Heinze, supra,* the court says: "If the copy is not furnished at all, the penalty may be exacted." The penalty is that the plaintiff is precluded from giving any evidence in support of his complaint. (Sec. 6569, Rev. Codes.)

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal by the plaintiff from a judgment made and entered in favor of the defendant. The complaint was apparently filed on the eleventh day of July, 1917, and it is alleged therein: "That during the year 1914 plaintiff advanced to the defendant, at the special instance and request of the defendant, certain moneys for the purchase of a relinquishment and for the placing of improvements upon the lands, which are now the property of the defendant, in the sum of $2,000. That the said sum of money was to be repaid to the plaintiff by the defendant at such time as the defendant could make final proof upon his lands." It is further alleged that the defendant had made final proof upon the lands and had not

repaid the money to the plaintiff, although demand had been made therefor. The defendant in his answer denied the allegations of the complaint, except that he admitted that he borrowed $75 from the plaintiff, and that he executed and delivered to plaintiff a promissory note therefor; that he had made final proof upon the lands; that he refused to pay the plaintiff the sum of $2,000 or any part thereof. Further answering the complaint, by way of counterclaim, defendant alleged that he performed certain labor and services for the plaintiff, at his special instance and request, between and during the months of March and July, 1914, and that the plaintiff expressly promised to pay to the defendant the sum of $40 a month, amounting to the sum of $180; that plaintiff had not paid the same to defendant, and judgment is demanded therefor, together with interest thereon. This answer was filed August 22, 1917. On the day the complaint was filed the defendant appeared and filed a general demurrer and also served and filed a demand upon plaintiff that he furnish to the defendant, within five days, a bill of particulars of the amounts of money alleged to have been advanced by plaintiff to defendant and the time when each item of money was so advanced. On January 10, 1918, the defendant caused to be entered the default of the plaintiff for failure to reply to the counterclaim. On April 10, 1919, the plaintiff served and filed his reply to the defendant's counterclaim, and on the 14th of April moved the court to set aside the default and to permit plaintiff to file his reply and filed an affidavit in support of his motion.

Appellant maintains that a default may not be entered for [1] failure of the plaintiff to reply to a counterclaim pleaded by defendant, but that right is given by statute, and the practice has been sanctioned by this court. (Secs. 6560, 6562, 6515, Rev. Codes; *State* v. *Quantic,* 37 Mont. 32, 94 Pac. 491; *Anaconda Copper Min. Co.* v. *Thomas,* 48 Mont. 222, 137 Pac. 380.)

Appellant further maintains that a default cannot be taken [2] when a reply or answer is on file. It is true that a de-

fault cannot be entered when there is a reply properly on file, controverting defendant's counterclaim (*Sell* v. *Sell,* 58 Mont. 329, 193 Pac. 561), but it is also true that a party cannot escape the consequences of his neglect by filing a plea after the expiration of the time and after default entered (23 Cyc. 745). At the time the default was entered for failure of the plaintiff to reply to defendant's counterclaim, there was no reply on file, and the reply was not filed for nineteen months after the twenty days had expired, and more than fourteen months after the default had been entered. Four days after the plaintiff filed his reply, and on April 14, 1919, he moved the court to set aside the default and to permit a reply to be filed. This motion was never disposed of except by ordering judgment for defendant. If the reply filed was in fact only a reply tendered with the motion, it fell with the denial of the motion. Regarding the reply in any other light than as a part of the motion, it was not properly filed. The statute requires a reply to be filed within twenty days and authorizes a default to be entered if it is not filed in that time. (Secs. 6560, 6562, 6515, Rev. Codes.) ·

The court of appeals of Maryland held, under a similar statute, that pleas filed under circumstances here stated should be disregarded as mere nullities because they were filed in violation of the terms of the statute. In discussing the question, the court said: "This is the clear meaning of the terms of the statute, and if by construction a different meaning be attributed to them, such as that contended for by the defendant, they would be virtually deprived of all restrictive force, and the defendant, in any case, would be able to do what was attempted to be done in this case; that is, to defeat the plaintiff's right to judgment by simply placing upon record pleas and affidavits at any time before judgment entered, regardless of the fact that no cause had been shown nor any leave of the court obtained. To suffer this to be done would simply be in defiance of the express terms of the statute." (*Gemmell* v. *Davis,*

71 Md. 458, 18 Atl. 955.)   This decision was reaffirmed in the
later case of *John W. Waldeck Co.* v. *Emmart,* 127 Md. 470,
96 Atl. 634.

Other courts, either directly or impliedly, have given the
same construction to similar statutes.   (*Irvine* v. *Davy,* 88
Cal. 495, 26 Pac. 506; *Camp* v. *Phillips,* 88 Ga. 415, 14 S. E.
580; *Harrison* v. *Kramer,* 3 Iowa, 543; *Luke* v. *Johnnycake,*
9 Kan. 511.)

It was not error for the court wholly to disregard this so-
called reply in considering the motion for judgment on the
counterclaim.   Had the reply been filed prior to the entry of
default, a different question would be presented.

The cause, as made by the complaint, was set for trial on
April 14, 1919, the plaintiff's counsel was then present.   The
case was continued for trial until April 15, 1919, at 9:30
o'clock A. M.   At that hour, on April 15, the case was called
for trial, and defendant appeared in person and by counsel.
There was no appearance on the part of the plaintiff, and the
default of the plaintiff for failure to appear for trial was en-
tered and defendant ordered to proceed with proof on his
counterclaim.   Defendant was then sworn and testified, and
the court directed judgment to be entered against the plaintiff.
Subsequently, at 10 o'clock A. M. on that day, the plaintiff's
counsel appeared in open court and orally moved to set aside
the default of the plaintiff.   The court refused to entertain
an oral motion for setting aside the default, and it was ordered
that entry of judgment be stayed until April 16, 1919, at 10
o'clock A. M., and that counsel for plaintiff be given until that
time to prepare, serve and file his motion to set aside the
default of the plaintiff for failure to appear at the trial.   The
plaintiff's motion was served and filed, supported by the affi-
davit of his attorney, at the time named.   "In legal effect, the
[3]   order [entering default of plaintiff for failure to appear
at the trial] amounted to nothing more than a declaration
that the plaintiff had failed to be personally present at the

time of trial, and in that sense the term 'default' is not infrequently used." (*Sell* v. *Sell,* 58 Mont. 329, 193 Pac. 561.)

The court directed judgment to be entered in favor of the defendant. The affidavit of plaintiff's attorney is to the effect that he was not advised of the fact that the cause had been continued until 9:30 A. M. on April 15, but supposed the same would come up regularly at the hour of 10 o'clock A. M., when under the rules court convened, unless a different hour was named, and also that he had been advised by the judge that the cause would be heard at 10 o'clock; that, relying upon this information, he was not present until the hour of 10 o'clock, and the default had already been entered. The affidavit of defendant's attorney, however, is to the effect that the cause was originally set for April 14 at 10 o'clock in the morning, and was then continued until 3:30 P. M. of that day; that at the latter hour it was again by order of the court continued until April 15 at 9:30 A. M., and that the plaintiff and his counsel were both present in court at the time this order was made. It is admitted that the plaintiff was present on the fourteenth day of April when the cause was set for trial, and knew that an order had been made continuing it until the next morning. It was certainly incumbent upon him to keep himself informed as to what particular time the cause was continued for trial. The affidavits of the attorneys filed are [4] hopelessly in conflict, but the minutes of the court are to the effect that the plaintiff's attorney was notified of the setting of the case at the hour of 9:30 A. M. of April 15. These minutes are a part of the court record and import verity. The evidence regarding the correctness of this entry by the clerk is in conflict. The presumption is that the entry made by the clerk is correct, and this presumption is not overcome by the affidavits filed.

Furthermore, it does not appear from the record that the [5] plaintiff made any response whatsoever to the defendant's demand for a bill of particulars. On the face of the complaint

it appears that this is a case where a bill of particulars may properly be demanded. Hence, had this default not been taken at all, the plaintiff could not, as a matter of right, have demanded to be heard at the trial. (Sec. 6569, Rev. Codes; *Martin* v. *Heinze*, 31 Mont. 68, 77 Pac. 427; *Scott* v. *Frost*, 4 Colo. App. 557, 36 Pac. 910.)

We find no reversible error in this cause, and recommend that the judgment appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

*Affirmed.*

