THE STATE OF MONTANA, ex rel. HAROLD LAKE, Executor of the Last Will and Testament of JAMES BOWMAN, Relator, v. THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT of the STATE OF MONTANA, IN AND FOR THE COUNTY OF SANDERS, and the HON. C. E. COMER, Judge Thereof, Respondents.

No. 9793.

Submitted March 14, 1957. Decided May 8, 1957.

310 Pac. (2d) 1055.

Mr. Raymond F. Gray, Missoula, Mr. Eugene H. Mahoney, Thompson Falls, Messrs. Smith, Boone & Rimel, Missoula, for relator.

Mr. A. S. Ainsworth, Thompson Falls, Messrs. Garlington, Lohn & Robinson, Missoula, for respondents.

Mr. Russell E. Smith and Mr. J C. Garlington argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an original proceeding. Upon application of the relator, an alternative writ of prohibition was issued herein directing the respondents to show cause why an order, dated February 5, 1957, granting a new trial should not be vacated.

Return to the alternative writ was made by the respondents, and the matter argued and submitted to this court.

In the district court of Sanders County, on August 14, 1956, a petition for probate of will was filed in the matter of the estate of James Bowman, deceased. Thereafter a contest of the will was filed, answer made thereto, and the contest was tried before a jury which returned a verdict in favor of the proponent; judgment and order admitting the will to probate was filed on November 23, 1956, and letters issued.

Contestants, on November 23, 1956, filed a notice of intention to move for a new trial, which stated that the motion was to be based upon the minutes of the court and affidavits to be filed. No affidavits were thereafter filed. On December 10, 1956, the presiding judge was disqualified by the contestants, and on December 22, 1956, Judge C. E. Comer was requested to assume jurisdiction, which he did on December 27, 1956. On January 3, 1957, an order was made setting the matter for hearing on January 22, 1957. Upon that date a continuance was granted and the matter set for February 13, 1957. Apparently recognizing that this would extend the date of hearing beyond the thirty-day limitation, on January 24, 1957, an order was made setting the motion for hearing in Missoula, being the county of residence of the judge, and on January 25, 1957, the motion was heard. The parties were granted time to file written briefs and thereafter, and on February 5, 1957, the motion for new trial was granted.

The relator herein contends: (1) the motion was required to be heard in ten days and was not so heard; (2) that the affidavit of disqualification came too late; and (3) the motion was not heard on the earliest practicable date.

Referring to the first contention of the relator, R.C.M. 1947, section 93-5605, provides in part:

"If the motion is to be made upon affidavits, the moving party must, within ten days after serving the notice, or within such further time not to exceed thirty days in all, as the court in which an action is pending or a judge thereof may allow,

file such affidavits with the clerk, and serve a copy thereof upon the adverse party * * *''

Under the plain provisions of this section the contestants had ██ a period of ten days after serving the notice in which to file the affidavits unless further time, not to exceed thirty days in all, was allowed by the court. No application was made to the court for additional time in which to file such affidavits with the clerk and serve upon the adverse party. Since no additional time was secured from the court, the notice having been filed on November 23, 1956, the ten-day period for filing affidavits expired on December 3, 1956.

It becomes unnecessary in view of our holding herein to further discuss this section of our code because if we assume that the contestants had an additional period of ten days after December 3, 1956, within which to have their motion for new trial heard, then under the provisions of R.C.M. 1947, section 93-5606, it had to be heard on or before December 13, 1956, the last day appointed by law for the hearing thereof. The affidavit of disqualification was filed on December 10, 1956, or three days before time for hearing would expire.

R.C.M. 1947, section 93-901, relating to the disqualification of district judges, provides in part: ''Such affidavit may be made by any party to an action, motion, or proceeding, personally, or by his attorney or agent, and shall be filed with the clerk of the district court in which the same may be pending at least five days before the day appointed or fixed for the hearing or trial of any such action, motion, or proceeding (providing such party shall have had notice of the hearing of such action, motion, or proceeding for at least the period of five days and in case he shall not have had notice for such length of time, he shall file such affidavit immediately upon receiving such notice).''

In this matter the movent had actual knowledge of the provisions of law requiring the hearing to be had on or before December 13, 1956, and under the provisions of the statute hereinbefore quoted the affidavit of disqualification had to be

filed on or before December 8, 1956, to be at least five days before the day appointed by law as the last day for hearing the motion. This statute allowing disqualification of a district judge for imputed bias is like the preemptory challenge of a juror, which may not be exercised after he has once been passed. State ex rel. Jacobs v. District Court, 48 Mont. 410, 415, 138 Pac. 1091, 1093. As we stated in that case· "* * * we say that the statute was not intended * * * to aid delays, nor to secure postponements which are not deserved. If a litigant really feels that he cannot secure a fair and impartial trial before a certain judge, he is generally conscious of that feeling before the day fixed for the hearing, and long enough to enable him, by a prompt and proper disclosure of it, to secure to himself every substantial right."

Relator's contention that the affidavit of disqualification came too late must be sustained.

Let the writ issue.

MR. JUSTICES CASTLES and ANGSTMAN, concur.

MR. JUSTICE BOTTOMLY: (specially concurring).

I concur in the result reached in the majority opinion for the following reasons:

We have here under consideration a petition for writ of prohibition and upon such petition an alternative writ was issued by this court directing the district court to show cause why an order of the district court dated February 5, 1957, granting a new trial should not be vacated. Return was made, argument had and the matter submitted.

The record discloses that on November 23, 1956, after a jury's verdict, a judgment of the district court admitting the last will of James Bowman, deceased, was duly filed after contest in the district court of Sanders County.

The judgment was in favor of the executor and against the contestants. Also on November 23, 1956, the contestants served and filed their written notice of intention to move for a new

trial upon the grounds provided in subdivisions 1, 2, 3, 6 and 7 of section 93-5603, R.C.M. 1947. The notice of intention stated that the motion for new trial would be made upon affidavits to be served and filed and upon the minutes of the court.

There was no affidavit or affidavits filed or served within ten days after the serving and filing of the notice of intention to move for a new trial.

There was no application by contestants for further time and no further time was granted by the court or judge within the ten-day period so limited and prescribed by statute.

R.C.M. 1947, section 93-5605, provides as far as pertinent here, that "If the motion [for a new trial] is to be made upon affidavits, the moving party *must, within ten days after serving the notice, * * * file such affidavits with the clerk, and serve a copy thereof upon the adverse party * * *"* Emphasis supplied. There was no compliance nor attempted compliance whatever with these mandatory provisions of section 93-5605.

R.C.M. 1947, section 93-5606, as far as pertinent here, provides: *"The hearing on the motion for a new trial shall be had within ten days after the notice of motion is filed* when the motion is made only on the minutes of the court * * *"* Emphasis supplied.

Since no affidavits were filed, the motion for new trial herein was made only upon the minutes of the court, and the last above-quoted mandatory provisions of section 93-5606 govern. This statute requires that in this matter the hearing on the motion for a new trial be had "within ten days after" November 23, 1956, the date whereon notice of the intended motion was filed. This statutory time expired on December 3, 1956. Any later hearing would be and was wholly without jurisdiction. Here, the hearing on the motion for new trial was not had until January 25, 1957, at which time the district court was wholly without jurisdiction to hear or determine the motion. The hearing came too late. Under the statute and the law the motion for new trial was denied on December 4, 1956,

by operation of law; the last day on which the motion could lawfully have been heard being the 3rd day of December, 1956.

This court in State ex rel. Smith v. District Court, 55 Mont. 602, at page 605, 179 Pac. 831, at page 832, speaking through Chief Justice Brantly said: "* * * in this state relief by way of *new trial can be granted only in the manner, within the time* * * * provided in the statute, and that, in the absence of observance by the moving party of the required steps, the court has no power to grant a new trial." See cases cited therein. Emphasis supplied.

In Sell v. Sell, 58 Mont. 329, 193 Pac. 561, 563, this court found that the affidavit in support of the motion for a new trial was not prepared within the time allowed by law or the order of the court. The court, speaking through Justice Holloway said: "It would defeat the very purpose of the statute to permit the moving party to designate the minutes of the court and affidavits as the moving papers, secure an extension of time for preparation of the affidavits, afterwards abandon them by failing to prepare them within the time allowed, and still insist that the motion should be heard upon the minutes of the court."

On the particular question involved in this proceeding, the decision of Sell v. Sell, supra, has been the rule and guide in this state on the application of the particular requirements of the above-quoted parts of sections 93-5605 and 93-5606 for the last thirty-seven years, on which the district courts and the bar of this state have relied as the law herein.

The order of February 5, 1957, is void and of no effect, it should be annulled and set aside and the motion for a new trial denied as the statute requires.

MR. JUSTICE ADAIR, concurs in the foregoing opinion of Mr. Justice Bottomly.